THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TRUMAN KINSLEY, Defendant-Appellant.

(No. 72-25;

Fifth District—February 26, 1973.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, and Michael A. Schmitt, Senior Law Student, of counsel,) for appellant.

Roland W. Griffith, Jr., of Edwardsville, (James Jerz and Betty Campbell Wolf, both of Model District State's Attorneys Office, of counsel,) for the People.

PER CURIAM:

Appellant Truman Kinsley was indicted in Madison County for the attempted murder of his wife. He was found competent to stand trial and had counsel appointed to represent him. Appellant and his counsel appeared at arraignment, at which time appellant expressed his desire to plead guilty pursuant to a negotiated plea agreement. After a discussion between the judge and appellant which will be considered below, the judge accepted the plea and ordered a pre-sentence investigation. Pursuant to the plea agreement, appellant waived his right to apply for probation and his right to a hearing in aggravation and mitigation. The trial judge, after considering a lengthy pre-sentence report, sentenced appellant to one to fifteen years in prison, in accordance with the plea agreement. This appeal is based entirely on alleged noncompliance with the requirements of Supreme Court Rule 402.

Appellant first claims that the trial judge did not adequately determine that the guilty plea was made voluntarily and understandingly. Appellant cites several portions of the trial record which purport to show his confusion about the nature of the proceedings and a lack of certainty about his course of action. These passages, too numerous and lengthy to set out here, dealt with appellant's understanding of the words "parole," "probation," and "mitigation and aggravation," and appellant's

understanding of the range of sentences available to the judge. The judge stopped to explain each of these terms to appellant as well as carefully explaining to appellant his right to jury trial, confrontation of witnesses, presentation of evidence, his right to have State prove his guilt beyond a reasonable doubt, and the presumption of his innocence. The judge explained the minimum and maximum sentences for the offense and that he was not necessarily bound by the plea agreement. Repeated opportunities to withdraw his plea were offered to the appellant, and the judge offered to continue the case to give appellant more time to consider his course of action. It is clear from the record that appellant carefully considered the judge's statements and the advice of his attorney. The purpose of Rule 402 is to provide a criminal defendant with adequate knowledge of his rights and options under the law before his plea is accepted. The appellant here received the full benefit of the rule and insisted on pleading guilty.

■■ Appellant further contends that the plea was not voluntary because he was not adequately represented by counsel. The trial judge asked appellant if he felt he had been adequately represented and advised by counsel. Appellant answered "I don't know" and stated that he thought his attorney had "done his best." There was apparently some difference of opinion between appellant and his counsel over the advisability and likely success of a defense of insanity. Appellant claims that counsel misconceived the nature of the insanity defense and the distinctions between the requirements for competence to stand trial and sanity necessary to establish culpability for a criminal offense. However, the record does not bear out this claim. Counsel stated at the hearing that he had advised appellant not to plead insanity and that he had been found competent to stand trial. Nowhere is it stated, nor does appellant claim, that counsel's advice was based solely on the results of the competency hearing. Rather, it seems that competent and seasoned counsel made recommendations to his client after having considered all the facts in the case and having employed his judgment and experience to weigh the alternatives. The burden of establishing incompetency of counsel is on the defendant and mere differences in trial tactics between attorneys do not establish incompetency. (*People v. Caise,* 38 Ill.2d 486, 231 N.E.2d 596; *People v. Washington,* 41 Ill.2d 16, 241 N.E.2d 425). Appellant's other statements about his satisfaction with counsel reflect a general ignorance of the function and worth of defense attorneys and not a justifiable lack of faith in his appointed counsel. We conclude, therefore, no showing of incompetency of counsel has been made.

■■■ Appellant also claims that the trial judge did not determine that a factual basis existed for the plea as required by Rule 402(c). When

appellant was asked by the judge if he had in fact shot his wife, he answered "I must have  *  *  *  [p]eople said I did. I had the gun, and she said, 'Oh my God, I am dying'." Shortly after this, the judge stated that he would consider all the facts submitted to him in determining sentence. Included in the record are several police reports and statements of witnesses. There is a long and comprehensive pre-sentence report which includes a lengthy statement by the appellant which admits many of the facts of the offense. This court has held that the judge may use any portion of the record to find a factual basis for the plea (*People v. Dugan*, 4 Ill.App.3d 45, 280 N.E.2d 239), and the Appellate Court for the Second District has held that a factual basis may be found from facts brought out at the hearing in aggravation and mitigation although the plea has already been accepted. (*People v. Warship*, 6 Ill.App.3d 461, 285 N.E.2d 224.) The trial court's determination that a factual basis existed for the guilty plea was made in substantial compliance with Rule 402(c).

It is clear that the requirements of Rule 402 were complied with and that the plea was properly accepted.

Affirmed.