The People of the State of Illinois, Plaintiff-Appellee, *v.* Marty Baxter, Defendant-Appellant.

(No. 12495; ▮▮▮▮▮▮▮▮▮

Fourth District—November 6, 1974.

John F. McNichols and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert G. Frederick, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Marty Baxter, appeals from his conviction for the offense of escape in violation of section 31—6 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 31—6), and from a sentence imposed of 8 months. Defendant raises the following issues for resolution by this court: Whether the trial court substantially complied with Supreme Court Rule 402(a)(1) in informing defendant of the nature of the charge; and whether the trial court substantially complied with Supreme Court Rule 402(a)(2) in not explaining to defendant the minimum sentences prescribed by law.

On September 27, 1973, defendant appeared in the circuit court of Champaign County to enter a guilty plea to a complaint charging him with the offense of escape. Prior to accepting the plea the trial judge stated to defendant:

> "The Court: Mr. Baxter, you are charged in this complaint with the offense of escape, wh'ch is designated on the face of the complaint as a Class "A" misdemeanor, in Champaign County, Ill'nois, on the 9th day of April, 1973, in that you did knowingly and while in the lawful custody of an Urbana peace officer in the Urbana Police Department, intentionally escaped from said custody by running out of said police station. Do you understand what you are charged with?
>
> Mr. Baxter: Yes, I do.
>
> The Court: I advise you that this being a Class "A" misdemeanor, that upon conviction of this offense that the Court could impose confinement up to one year and a fine not to exceed $1,000. Do you understand that?
>
> Mr. Baxter: Yes."

Defendant was subsequently advised of his various other rights. The trial judge then entered judgment on defendant's plea. On October 31, 1973, a hearing in aggravation and mitigation was held after which defendant was sentenced to 8 months' imprisonment.

■■ Defendant first contends that the trial judge did not sufficiently inform defendant of the nature of the charge as required by Supreme Court Rule 402(a)(1). We do not agree. In the present case before acceptance of the plea the trial judge informed defendant that he had been charged with the offense of escape "in that you did knowingly and while in the lawful custody of the Urbana Police Department, intentionally escape from said custody by running out of the police station." The quoted statement was a verbatim reading by the trial judge of the complaint. The defendant then indicated to the court that he understood the nature of the charge. The record also shows that the assistant State's Attorney in the presence of defendant and his counsel gave a recitation stating defendant's criminal conduct and detailing the evidence that would be presented should the case proceed to trial. We note that defendant did not question any part of the prosecutor's recital. The entire record clearly establishes that defendant did, in fact, understand the nature of the charges and that, the trial judge went beyond what is now required to sufficiently admonish a defendant in that regard. See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

■■ Defendant also contends that the trial court erred in not explaining to defendant the minimum sentences prescribed by law under Supreme

Court Rule 402(a)(2) because he was not informed of probation, conditional discharge and periodic imprisonment. We find our decisions in *People v. Butchek,* 22 Ill.App.3d 391, 317 N.E.2d 148, and *People v. Wills,* 23 Ill.App.3d 25, 319 N.E.2d 269, to be dispositive of this issue. In *Butchek* we held that a trial judge need not inform a defendant of the possibility of periodic imprisonment to fully comply with Supreme Court Rule 402(a)(2). In *Wills* we held that the rationale of *Butchek* was equally applicable to probation and conditional discharge, and a trial judge, likewise, need not inform a defendant of these alternatives to fully comply with Supreme Court Rule 402(a)(2). Also see *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559.

Accordingly, for the reasons stated above the judgment of the circuit court of Champaign county is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.