The People of the State of Illinois, Plaintiff-Appellee, *v.* Joseph Burgess, Defendant-Appellant.

(No. 74-166;

Second District (2nd Division)—December 23, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was indicted on two counts of aggravated battery and one count of attempt murder. Pursuant to agreement, defendant pled guilty to one count of aggravated battery and was sentenced to a term of 3⅓ to 20 years in the penitentiary.

On appeal, defendant contends that (1) the trial court failed to adequately inform him of the nature of the charge against him as required by Supreme Court Rule 402(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1)); (2) the trial court, after hearing evidence that the defendant possibly suffered acute paranoid psychosis on the date of the offense, should have vacated defendant's plea of guilty and inquired further into the factual basis for it with respect to the defenses of insanity and drugged condition; and (3) the trial court erred in construing the extended term provision of the Unified Code of Corrections to require it to double the maximum sentence.

At the hearing on defendant's guilty plea, the court charged the defendant as follows:

"You understand that what the State has indicated, the agreement is that you would plead guilty to Count One of aggravated battery, cause great bodily harm to one Dennis Jones, the 11th of September, 1973, by stabbing him in the back, chest and side

with a knife and then on that basis that they would dismiss Counts Two and Three and that they would ask this would be a Class Three Felony, ordinarily punishable by not less than one, with no more than 10 years in the penitentiary, and they would ask, under the statute, the penalty be doubled and the court make findings commensurate with that."

Thereafter, the trial court asked defendant to state the facts of the case as he remembered them. When the defendant's attorney stated that the defendant could not remember the events which had transpired on the day in question, the trial court asked the State's Attorney to present the prosecutorial evidence which established the offense.

The evidence against defendant was outlined in considerable detail, and he was questioned as to whether he understood the facts that would be introduced if he were to go to trial. The defendant responded that he understood.

After the trial court accepted defendant's guilty plea, it ordered his psychiatric examination. The psychiatrist's letter of opinion stated that the defendant "has a sociopathic personality and uses drugs, which increases his assaultiveness" and that "increasingly high doses of the amphetamines will usually result in the development of an acute paranoid psychosis, with assaultive behavior frequently occurring. Such may have been the case with this most recent assault." Pursuant to the plea bargain agreement and under the authority of section 5—8—2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—2(a)), the trial court sentenced the defendant to 3⅓ to 20 years in the penitentiary.

■■ Defendant first argues that he was not informed of the nature of the charge, asserting that the trial court omitted any reference to the requirement of the specific mental state, an essential element of the offense of aggravated battery. The law is clear that Rule 402 requires only substantial compliance with its provisions and the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. (*People v. Krantz*, 58 Ill.2d 187, 192 (1974).) In *Krantz*, the trial court merely asked the defendant if he understood that he was charged with forgery, and the defendant responded that he understood. The supreme court held this sufficient admonishment stating that the essentials had been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule. (*People v. Krantz*, at 193.) Rule 402 does not require (nor does any constitutional provision require) that each element of an offense be explained to a defendant. Rather, the record as a whole should disclose

that the defendant has been advised of the essence or general character of the offense and has a common understanding of the nature of the charge. (*People v. Heral,* 25 Ill.App.3d 806, 809-10 (1975).) We find that the record clearly demonstrates that the trial court satisfied the requirements of Supreme Court Rule 402(a)(1) and that the defendant understood the nature of the charge. *People v. Hardaman,* 59 Ill.2d 155, 157 (1974).

The defendant next contends that the trial court, after hearing evidence of defendant's possible acute paranoid psychosis on the date of the offense, should have vacated his guilty plea, *sua sponte,* and inquired further into the factual basis for it with respect to the defenses of insanity and a drugged condition. This argument suggests that the trial court is required to determine whether a particular defendant pleading guilty has a legitimate affirmative defense. While Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, § 402(c)) imposes a duty on the trial court to determine whether a valid factual basis for the plea exists, this duty does not require the trial court to ferret out possible defenses for the defendant. In fact, the court may accept the plea of guilty even when a defendant maintains his complete innocence, as long as the plea represents a voluntary and intelligent choice among the alternative courses available to him. *North Carolina v. Alford,* 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1970).

The record herein fails to reveal any evidence of a valid defense on the grounds of insanity or drugged condition. The psychiatrist's remark was merely a speculative suggestion that the drugs defendant was taking *may* have increased his assaultive tendencies. There was no positive evidence that the drugs negated the requisite mental state for *commission of the offense.*

■■ In the instant case, review of the record establishes that the trial court complied with the requirements of Supreme Court Rule 402(c) with respect to the sufficiency of the facts, establishing a basis for the plea, and the manner in which these facts were ascertained.

■■ Defendant contends that the trial court erred in construing the Code of Corrections in that the court believed that doubling the maximum period was mandatory once it was established that the defendant presented a continuing risk of physical harm to the public. Nothing in the record indicates that the trial judge felt constrained to impose double the maximum sentence.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.