THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LINDA LUMLEY, Defendant-Appellant.

Second District   No. 78-549

Opinion filed September 21, 1979.—Rehearing denied October 22, 1979.

Paul S. Godlewski and James Canfield, both of Canfield Law Offices, of Rockford, for appellant.

Peter J. Woods, State's Attorney, of Oregon (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

At the outset we note that there is no doubt of the guilt of the accused herein as she has admitted embezzling funds from her employer numerous times, both in court, to other individuals and to the probation officer upon her application for probation.

In this appeal the defendant has raised four issues. (1) Whether the trial court failed to properly admonish her pursuant to the provisions of Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), specifically that the factual basis for the plea of guilty was not made and that the defendant was not advised of her rights to plead not guilty. (2) Whether the plea of guilty of the defendant was voluntary. (3) Whether the sentence was excessive. (4) Whether restitution is a proper sentence where probation is not allowed.

The defendant worked for Manning Motor Sales in Rochelle, starting at a salary of $100 and, at the time of the offenses herein, she was being paid approximately $225 to $250 per week together with the use of an automobile. From the period of April 21, 1976, to July 13, 1977, she proceeded to write unauthorized checks on her employer's account, varying in amount from $100 to $2124. This resulted in a shortage to the dealership of approximately $58,000. Upon being confronted with the shortage, she contended that she thought that she had only taken $20,000. Unbelievably, she, her husband and her children did not live beyond the combined income of herself and her husband. When confronted as to the disposition of the funds taken, she had no explanation. She was indicted in a 59-count indictment, apparently for only a portion of those thefts, since the total amount of the various counts of the indictment was $39,809.08.

At the arraignment on April 7, 1978, she was furnished with a copy of the 59-count indictment. She stated at that time that she did not want a

lawyer. The court proceeded to question her as to each count, to explain the same, and she was queried as to whether she understood the counts, to which she replied in the affirmative. The court continued the matter for a week and suggested that she reconsider her decision as to counsel. On April 14, 1978, she appeared before Judge Lenz and was again advised as to her right to counsel and that the court would appoint one. She again stated that she did not wish an attorney. She was again advised of her rights under Supreme Court Rule 402, and stated, "I would like to plead guilty to theft without a jury trial." The only question she had at that time at the hearing was as to the amount she was purported to have taken. The court asked her, "Now what is the amount you are admitting to?" and the defendant replied, "$39,800 something." She agreed to the facts in the indictment other than that. The court accepted her plea and the matter was continued for sentencing.

On May 12, 1978, an attorney entered his appearance for her. The sentencing hearing was continued and on June 30, 1978, the trial court refused to grant probation and sentenced her to the Department of Corrections for 3 years and 4 months to 10 years for the 50 felony counts and a sentence of 364 days on each of the 9 misdemeanor counts, all sentences to run concurrently. This order, as to sentencing, was entered on July 21, 1978.

At the time of the report of the probation officer and prior to sentencing, it was disclosed to the court that in the year 1969 the defendant had worked for the Americana Nursing Home in Macomb, Illinois, and had taken $1883.65 from the accounts of the patients therein for her own use. She was placed on probation at that time and ordered to make restitution, which she did.

Subsequent to the sentencing of the defendant she filed a petition to withdraw her plea of guilty, a hearing was had thereon and the court refused to allow the same.

■■ Counsel for the defendant appears to argue that the factual basis for a plea of guilty should be accomplished from the defendant's own recital as to the facts involved and has cited a New York case which would appear to hold to that effect. That is not the law in Illinois. The factual basis may be determined in a number of ways as set forth in *People v. Hudson* (1972), 7 Ill. App. 3d 800, 288 N.E.2d 533. In that opinion the court stated, and we concur therewith, that the prosecuting attorney may summarize the testimony he would present; the facts of the case may be stated by witnesses; or, the facts of the case may be determined from an examination of the presentence report. The contention of the defendant is, therefore, without merit. However, the defendant further contends that reversible error was committed in that she was not informed of her right to plead not guilty or to persist in that plea. This court has held to the

contrary in *People v. Pritchett* (1974), 23 Ill. App. 3d 1084, 320 N.E.2d 44, where the trial judge substantially complied with Rule 402 and the fact that he did not mention that the defendant could persist in the plea of not guilty, when considered with all of the other admonitions, was not reversible error. As in *Pritchett*, we find herein that there was substantial compliance with Supreme Court Rule 402. In support of her contention to the contrary, the defendant has cited *People v. Wise* (1975), 26 Ill. App. 3d 158, 331 N.E.2d 302. *Wise* is inapposite to the case before us. In that case many of the admonitions required under Supreme Court Rule 402 were not given and the court stated:

> "*When accompanied by other violations of Rule 402*, the failure to admonish regarding the right to plead not guilty has been held fatal to the guilty plea." (Emphasis added.) (26 Ill. App. 3d 158, 161, 331 N.E.2d 302, 305.)

That is not the case before us. The admonishments given to the defendant were substantially in proper form. See *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.

■■ The next contention of the defendant is that the trial should be reversed based on the affidavit of the defendant attached to her motion to withdraw her plea of guilty wherein she stated that a social friend, the chief of police of the City of Rochelle, had advised her that, upon a plea of guilty she would have the opportunity to negotiate the terms of the settlement of the amount to be paid and that more than likely she would be placed on probation for a period of years. The affidavit further disclosed that she had met with the State's Attorney and officials from the auto agency where she was assured that no criminal charges would be brought against her if she would pay $40,000 to Manning Motors in settlement of the alleged shortage. We find no merit in this contention, as it is obvious the defendant was attempting to work out restitution in order to avoid being prosecuted for embezzlement of the substantial sums involved. The fact that she was unable to work out a settlement and was subsequently indicted after a failure to do so, in our opinion does not raise a question of the voluntariness of the plea. From an examination of the whole record we are satisfied that the plea was, in fact, voluntary.

■■ The third contention of the defendant is that the sentence imposed is excessive. We do not agree. The trial court is in a far better position to determine the sentence in a situation like the one before us. It is obvious that the trial court, in imposing this sentence, took into consideration that the defendant had previously embezzled some $1800 from patients in a nursing home and had been placed on probation for that offense. The court observed that probation apparently had not worked as the defendant in this case embezzled at least the sum of $39,000 from her employer. It is also obvious that the court took into consideration that the

defendant could make no explanation as to what she had done with the money and from the presentence report it would appear that the defendant and her husband were not living beyond their means. The disposition of the funds taken, therefore, was a mystery to the trial court, as it is to this court. We will not disturb the sentence of the trial court in view of the above.

■ The fourth contention of the defendant is that she was improperly ordered to make restitution. We agree that the order of restitution is in error. In *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31, the supreme court held that the only time that restitution may be ordered or made a part of the sentencing order is when the defendant is placed on probation or conditional discharge. The defendant is correct in this regard, and that portion of the trial court's order ordering restitution is reversed.

The conviction of the defendant is affirmed: the order of restitution is vacated.

Affirmed in part, vacated in part.

WOODWARD and LINDBERG, JJ., concur.