THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFF SMITH, Defendant-Appellant.

Second District    No. 81—1026

Opinion filed March 8, 1983.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

On December 8, 1981, the defendant, Jeff Smith, was arrested, convicted and sentenced in Winnebago County to six months' imprisonment and a $25 fine for driving while license revoked and speeding. (Ill. Rev. Stat. 1981, ch. 95½, pars. 6—303, 11—601(b).) The former offense is a Class A misdemeanor, the latter is punishable by a fine.

The defendant was arrested at 1:45 a.m. on December 8 and taken to the Winnebago County Public Safety Building. He appeared before the circuit court later that morning at 10:30 or 11 a.m. At that

time he entered a plea of guilty to charges and was sentenced as we have indicated. Later, On December 16, 1981, a motion to withdraw the defendant's guilty plea pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) was filed on his behalf by counsel. That motion was heard and denied. Counsel for the defendant then filed a motion for reduction of sentence. After a hearing, the defendant's sentence was modified by the trial court to six months' periodic imprisonment. The defendant appealed and raises three issues: (1) whether the defendant's motion to withdraw his guilty plea was improperly denied; (2) whether defendant's sentence was improperly imposed, and (3) whether a corrected *mittimus* should be issued.

Defendant asserts the trial court's acceptance of his guilty plea nine hours after his arrest constituted an egregious violation of his due process rights. Specifically, he asserts the court failed to comply with either the spirit or the letter of Supreme Court Rules 401 and 402 (87 Ill. 2d Rules 401, 402).

He contends there was an ineffective waiver of counsel, and that he was not properly admonished as to the nature of the charges, the minimum possible sentences, or his right to plead not guilty. Further, he asserts his plea was improperly accepted because there was no sufficient factual basis for the plea, and the court made no effort to determine that the plea was voluntarily and understandingly tendered as required by Supreme Court Rule 402(b) (87 Ill. 2d R. 402(b)).

Finally, defendant points to the facts surrounding the proceedings at which his plea was entered merely nine hours after he was arrested. He notes it was his first appearance before the judge. Considering certain comments he made about leaving after the hearing, he asserts it was clear that he did not understand the import of the proceedings which had just occurred.

The State asserts the defendant did validly waive counsel, and that the trial court strictly admonished him pursuant to Supreme Court Rule 401 (87 Ill. 2d R. 401). Alternatively, the State argues that in light of the defendant's "legal sophistication" a failure by the court to properly admonish him may be considered harmless. (*People v. Jackson* (1978), 59 Ill. App. 3d 1004.) *Inter alia*, the record indicates the defendant served seven days in jail after pleading guilty to driving while intoxicated in June 1980, and was fined after his guilty plea to reckless driving in May 1980.

■■ ■ The State argues the court is not required to explain each element of the offense when informing the defendant of the nature of the charge (*People v. Nunn* (1975), 29 Ill. App. 3d 399), nor to explain what acts the defendant did to commit the offense (*People v. Harden*

(1967), 38 Ill. 2d 559). In fact, the State argues, it has been held that the mere naming of the offense was sufficient to admonish the defendant as to the nature of the charges. *People v. Krantz* (1974), 58 Ill. 2d 187.

The State points out that the defendant's theory that more than the name of the offense is required when the defendant is not represented by counsel is unsupported by authority. Likewise, the State argues *Krantz* and *People v. Baxter* (1974), 23 Ill. App. 3d 471, also defeat the defendant's argument as to the court's failure to admonish as to the possible "minimum" sentences of probation, conditional discharge, or periodic imprisonment. Also, the failure to inform the defendant of the right to plead not guilty or to persist in a plea is not fatal to the guilty plea. *People v. Lumley* (1979), 76 Ill. App. 3d 221.

Finally, the State asserts that substantial compliance with Supreme Court Rule 402 is still shown even where the court fails to inquire whether any force or threats had been used against the defendant. *People v. Gratton* (1974), 19 Ill. App. 3d 503.

We are of the opinion that the defendant's motion to withdraw his guilty plea was properly denied by the trial court.

At the time the defendant entered his guilty plea the following proceedings took place before the trial court:

"THE CLERK: 81—TR—53870 and 71, Jeff Smith.

THE COURT: Let the record show the Defendant in Court. You are Mr. Smith?

THE DEFENDANT: Yes, sir.

THE COURT: How old are you?

THE DEFENDANT: 19.

THE COURT: You are charged with drivers license revoked and speeding 68 in a 55. The first offense is punishable by a fine up to One Thousand Dollars or imprisonment for up to one year in jail or both. The second offense is punishable by a fine of Twenty-Five Dollars and costs. As to both charges, however, you are presumed innocent. You have a right to a trial before a judge or jury. You have a right to be represented by an attorney. If you are indigent and cannot afford an attorney, you maybe entitled to have one free of charge; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: What do you wish to do today?

THE DEFENDANT: Huh?

THE COURT: What do you wish to do today about these cases?

THE DEFENDANT: I will just plead guilty.

THE COURT: You understand when you plead guilty you give up your right to trial before a judge or jury?

THE DEFENDANT: Yes.

THE COURT: And your right to meet the witnesses in court and make the State prove the charges beyond a reasonable doubt; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand you are giving up your right to an attorney whether you can afford one or not?

THE DEFENDANT: Yes, sir.

THE COURT: The Complaints here alleged that at 1:45 in the morning on December 8th you were driving a Ford on Route 2 in Winnebago County; is that true?

THE DEFENDANT: Yes.

THE COURT: And what was the speed limit along that stretch of highway?

THE DEFENDANT: It is supposed to be 55.

THE COURT: This is a copy of a Waiver of jury and plea of guilty form. Sign that if you will. What is the best estimate of the top speed you were travelling?

THE DEFENDANT: I was doing about 55.

THE COURT: Why are you pleading guilty to speeding?

THE DEFENDANT: Because my speedometer was off.

THE COURT: There is a basis to believe you were over the speed limit for that reason?

THE DEFENDANT: Yes.

THE COURT: Did you have a valid license?

THE DEFENDANT: I didn't.

THE COURT: What happened to them?

THE DEFENDANT: They were revoked about a year ago.

THE COURT: What was it revoked for?

THE DEFENDANT: Drunk driving.

THE COURT: I will accept your waivers of counsel, waiver of jury trial and pleas of guilty. You are how old?

THE DEFENDANT: Nineteen.

THE COURT: Are you employed?

THE DEFENDANT: No, sir,

THE COURT: When was the last time you were employed?

THE DEFENDANT: I got laid off up in Reedburg, Wisconsin just recently.

THE COURT: How long were you working?

THE DEFENDANT: I worked there for a year.

THE COURT: What were you doing?

THE DEFENDANT: I worked in a foundry as a utility man.

THE COURT: Do you have any checking or savings?

THE DEFENDANT: No.

THE COURT: Own any property?

THE DEFENDANT: I own a truck and that's about all.

THE COURT: What offenses have you been previously convicted of in your whole life?

THE DEFENDANT: Just mostly drunk driving; two of them.

THE COURT: How many times?

THE DEFENDANT: Two.

THE COURT: How many times have you been convicted of driving while license revoked?

THE DEFENDANT: None.

THE COURT: What about any other license charges?

THE DEFENDANT: No.

THE COURT: The State's Attorney, Mr. Gemignani, is present. Mr. Gemignani, do you have anything on this?

MR. GEMIGNANI [Assistant State's Attorney]: Yes, sir. I show in October of '69 a drinking as a minor.

THE COURT: '79?

MR. GEMIGNANI: I'm sorry, '79. January of '80 a criminal damage to property, fine and costs. May of '80 a minor drinking, DWI, drag racing plea of guilty to reckless driving, fine and costs One Hundred Dollars and the rest of the charges dismissed. June 2nd, 1980 DWI minor drinking and improper lane usage, no drivers license on person, plea of guilty to DWI, costs and seven days and the rest of the charges were dismissed.

THE COURT: Any recommendations?

MR. GEMIGNANI: Six months.

-THE COURT: Enter a Judgment of Conviction on the charge of drivers license revoked and sentence you to a term of six months imprisonment in the Winnebago County Jail and the court costs in that case for speeding I will enter a Judgment of Conviction and sentence you to Twenty-Five Dollars plus costs. The Defendant is remanded to the County Jail under the mittimus that will issue."

We believe that this record shows the defendant was correctly ad-

monished regarding the nature of the charges and the possible sentences which could be imposed, and the trial court did, in fact, comply with Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)). We also believe that the defendant's decision to waive counsel was an informed one and that he had an understanding of the consequences of *pro se* representation.

■ The defendant argues that he was not properly admonished as to the nature of the charges because the trial judge merely named the two charges. When informing the defendant of the nature of the charge, the court is not required to explain each element of the offense. (*People v. Nunn* (1975), 29 Ill. App. 3d 399.) Furthermore, the trial judge has no obligation to state to the defendant all of the acts which constitute the offense or to explain what acts the defendant did to commit said offense. (*People v. Harden* (1967), 38 Ill. 2d 559.) In *People v. Krantz* (1974), 58 Ill. 2d 187, the supreme court held that the mere naming of the offense was sufficient to admonish one of the nature of the charge.

■ The defendant next argues that he was inadequately admonished regarding possible sentences because the trial judge did not inform him that probation, conditional discharge or periodic imprisonment were available. The supreme court has specifically rejected this identical argument. See *People v. Krantz* (1974), 58 Ill. 2d 187.

■ The defendant argues that he was not admonished of his right to plead not guilty and persist in that plea. We have addressed that issue on two prior occasions and have clearly held that the failure of the trial court to inform the defendant of his right to plead not guilty or to persist in that plea was not fatal to the guilty pleas. *People v. Lumley* (1979), 76 Ill. App. 3d 221; *People v. Pritchett* (1974), 23 Ill. App. 3d 1084.

■ The defendant argues that there was an insufficient factual basis for the plea. A review of the colloquy between the defendant and the court reveals a factual basis for the guilty plea is more than adequate. Such a factual basis consists either of a defendant's express admission that he committed the offense alleged or a recital to the court of evidence which supports the allegations of the charge. *People v. Lundeen* (1975), 30 Ill. App. 3d 21.

■ The defendant next argues that there might have been a viable defense to the charges. In *People v. Burgess* (1975), 34 Ill. App. 3d 966, we held that the supreme court rule which imposes a duty upon the trial court to determine whether a valid factual basis for the guilty plea exists does not require the trial court to ferret out possible defenses for the defendant. The trial court may accept a guilty plea

even when the defendant maintains complete innocence, so long as the plea is voluntary. The defendant argues that the fact that he was not asked whether the plea was the result of threats or force in combination with the fact that the plea was entered nine hours after his arrest demonstrates that his plea was involuntary. However, we have previously stated that a trial judge may be in substantial compliance with Supreme Court Rule 402, despite his failure to inquire about whether any force or threats had been used against the defendant. (*People v. Gratton* (1974), 19 Ill. App. 3d 503.) We therefore determine that there was no error in the trial court denying the defendant's motion to vacate his plea.

■■ ■ The defendant next contends that the imposition of a six-month term of periodic imprisonment for the traffic violation of driving while license revoked, given the existence of several mitigating factors, especially the presence of substantial grounds tending to excuse or justify defendant's conduct, constituted an abuse of discretion. We believe the record fails to show the trial court abused its discretion in imposing the modified sentence of six months' periodic imprisonment. (*People v. Perruquet* (1977), 68 Ill. 2d 149.) There is no requirement that the court state the reasons for a misdemeanor sentence on the record (*cf.* Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(c) (the court shall specify the factors which led it to impose a particular felony sentence (but see *People v. Davis* (1982), 93 Ill. 2d 155))), and the court is presumed to have considered the mitigating evidence before it unless the record indicates otherwise. (*People v. Fugitt* (1980), 87 Ill. App. 3d 1044.) In fact, the record shows the court was influenced by the defendant's mitigation evidence as shown by the court's modification of the term initially imposed to one which would allow the defendant's release for employment purposes. We, therefore, reject the defendant's second ground for reversal.

■■ The third issue raised by the defendant is that the cause should be remanded with directions that a corrected *mittimus* to the Winnebago County Jail should be issued. The record reflects that on December 8, 1981, the court below sentenced the defendant to a six-month period of imprisonment in the Winnebago County Jail. The *mittimus* to the county jail reflecting that sentence was thereupon filed with the clerk of the circuit court.

On December 22, the court below allowed the defendant's motion for a reduction of sentence, in part, and reduced the sentence to a six-month term of periodic imprisonment in the county jail, with the sheriff authorized under local rules and regulations to release the defendant pursuant to the jail's work release program. However, as

the defendant points out no *mittimus* to the county jail was ever filed in the records of this cause to reflect the modified sentence. Consequently, since we are affirming the judgment and sentence below, this cause must be remanded with directions that a corrected *mittimus* be issued to reflect the actual sentence in this case. (91 Ill. 2d R. 329; 87 Ill. 2d R. 612(g); *People v. Griffin* (1977), 56 Ill. App. 3d 255.) Since the defendant has prevailed on one of the issues of this appeal, the State's request for costs is denied.

Therefore, the judgment of conviction and sentence to a six-month term of periodic imprisonment in the county jail and a fine of $25 is affirmed, but the cause is remanded to the circuit court of Winnebago County with directions that a corrected *mittimus* be issued to reflect the actual sentence in this cause.

Judgment affirmed; cause remanded with directions.

LINDBERG and VAN DEUSEN, JJ., concur.