THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT OTTOMANELLI, Defendant-Appellant.
Second District   No. 2—85—0118

Opinion filed March 18, 1987.

566

HOPF, J., dissenting.

G. Joseph Weller and Marguerite S. Klimkowski, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Robert Ottomanelli, was convicted of the offense of burglary and sentenced to a term of three years' imprisonment. He appeals, contending that the trial court wrongfully refused to accept defendant's tendered plea of guilty and improperly denied a motion by defendant's attorney to withdraw as his counsel at trial.

The charge arose from the burglary of Herman's Sporting Goods Store in Highland Park. On December 6, 1984, defendant, who was 17 years old, and his retained counsel, John Brennan, appeared with Assistant State's Attorney Michael Fritz before Judge William Block and advised the court defendant wished to withdraw his plea of not guilty and enter a plea of guilty to burglary pursuant to a plea agreement. The State's Attorney and defendant's counsel advised the court that the only agreement made was that defendant would plead guilty and would not be sent to the Department of Corrections for the penalty for the offense. The trial court thereupon admonished defendant, as required by Supreme Court Rule 402(a) (87 Ill. 2d R. 402 (a)), and inquired into the voluntariness of the plea and confirmed the terms of

the plea agreement as provided for in Supreme Court Rule 402(b). The following colloquy then ensued:

"THE COURT: Understanding all of that, do you wish to enter a plea of guilty at this time?

MR. OTTOMANELLI: Yes.

THE COURT: Did you break into Herman's Sporting goods on Skokie Valley Road on the 7th of October?

MR. OTTOMANELLI: I was by there, there.

THE COURT: What do you mean, I was there? Were you with some others that were doing it? Who else was involved?

MR. OTTOMANELLI: Couple of friends I knew?

THE COURT: Who?

MR. OTTOMANELLI: Hughes.

THE COURT: What's the first name?

MR. OTTOMANELLI: I'm not sure.

THE COURT: And who else?

MR. OTTOMANELLI: And Ricky, and Danny helped him out, and Phillip.

THE COURT: Were they all arrested, too?

MR. OTTOMANELLI: Yes.

MRS. OTTOMANELLI [defendant's mother]: No.

THE COURT: Well, if they're juveniles, they might have—

MRS. OTTOMANELLI: Phillip and—what was the kid with the dark brown jacket, Victor?

THE COURT: Who is Victor?

MRS. OTTOMANELLI: He was never—

THE COURT: I'm talking to him. Who was Victor?

MR. OTTOMANELLI: I don't know his name.

THE COURT: Well, what happened that night?

MR. OTTOMANELLI: Well, we were coming in from Milwaukee, and I was driving. And the car broke down, the clutch went out. It's a stick shift. My car went out. So, I went to go call somebody to come pick us up. And as I started to walk back, I seen that it was the police by there. And so—

THE COURT: Are you telling me that you didn't know anything about it?

MR. OTTOMANELLI: No.

THE COURT: You didn't have anything to do with it?

MR. OTTOMANELLI: No.

THE COURT: Then, I guess I can't let you plead guilty.

MR. OTTOMANELLI: I'm pleading guilty.

THE COURT: We'll hold the matter on the trial call for the

17th. The defendant's remanded to the custody of the sheriff.

MR. OTTOMANELLI: I'm pleading guilty I was there.

THE COURT: I don't let somebody plead guilty that says they didn't do it. If you didn't know about it, you didn't do it.

MR. OTTOMANELLI: I was there.

THE COURT: Being there isn't enough. The defendant's remanded to the custody of the sheriff.

MR. BRENNAN [defendant's counsel]: May I have some time to talk?

THE COURT: If you want to talk to your client, fine. But I, you know—

MR. BRENNAN: I've talked to my client in length.

THE COURT: I mean if he doesn't know, you know, the fact of the matter is he says he was gone, he didn't know they were doing anything. And all of a sudden, the police were there. That's all a surprise to him.

MR. BRENNAN: This is all a surprise to me, also.

THE COURT: Well, that's not my point. I understand the fact sometime people get in front of judges, and have problems admitting their guilt. But, you know I can't—there's no factual basis, I can't take the plea."

The case was called for trial on December 17, at which time defendant's attorney, Mr. Brennan, sought to withdraw as counsel. Mr. Brennan advised the court that he had several discussions with defendant and his mother and that he could "no longer effectively represent Mr. Ottomanelli in this matter" and had so advised them. Mr. Brennan noted that defendant had given a statement to the police and there were police eyewitnesses to the matter. The trial court denied Mr. Brennan's motion, finding that his statement on the day of trial that counsel could not represent defendant effectively did not provide a reason to allow withdrawal.

Trial proceeded on December 18, wherein defendant called no witnesses on his behalf and the jury returned a guilty verdict. Defendant was thereafter sentenced to three years' imprisonment, and this appeal followed.

■ Defendant contends first that the trial court abused its discretion by refusing to accept defendant's negotiated plea of guilty. The State initially responds that defendant has waived consideration of this issue by not objecting to the refusal and not raising the issue in a post-trial motion. It is established that claimed errors are not preserved for appeal unless first raised in a post-trial motion for consideration by the trial court. (*People v. Wright* (1985), 111 Ill. 2d 128,

154, 490 N.E.2d 640; *People v. Arnold* (1984), 104 Ill. 2d 209, 217, 470 N.E.2d 981; *People v. Pallardy* (1981), 93 Ill. App. 3d 725, 730, 417 N.E.2d 851.) A reviewing court may consider "plain errors or defects affecting substantial rights" when not properly preserved for review pursuant to Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)) where it is plainly apparent from the record that an error affecting substantial rights has occurred. (*People v. Holman* (1984), 103 Ill. 2d 133, 176-77, 469 N.E.2d 119, *cert. denied* (1985), 469 U.S. 1220, 84 L. Ed. 2d 347, 105 S. Ct. 1204.) We will consider this issue to the extent necessary to determine whether refusal to accept defendant's plea of guilty was plain error.

Defendant argues that the trial court abused its discretion by refusing to accept defendant's negotiated plea of guilty and violated his right to due process under the fourteenth amendment. It is apparently defendant's argument that the trial court was required to inquire or investigate further than the judge did in this case to seek to establish a factual basis for the offense before rejecting the guilty plea and that defendant was denied fundamental fairness and the court abused its discretion by rejecting the guilty plea without good grounds to do so.

■■ ■ Pleas of guilty are governed by Supreme Court Rule 402 (87 Ill. 2d R. 402). (See also Ill. Rev. Stat. 1983, ch. 38, par. 115—2.) Rule 402(c) is based upon Rule 11 of the Federal Rules of Criminal Procedure and provides that "[t]he court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." It has been said that "[t]he rule requires that the judge determine that the conduct which the defendant admits constitutes the offense charged" (*People v. Warship* (1974), 59 Ill. 2d 125, 130, 319 N.E.2d 507) and, also, that "[t]he purpose of setting forth a factual basis for the plea is to protect a defendant from pleading guilty to a charge he did not commit and which was beyond his acts" (*People v. Martin* (1978), 58 Ill. App. 3d 633, 637, 374 N.E.2d 1012, citing *McCarthy v. United States* (1969), 394 U.S. 459, 467, 22 L. Ed. 2d 418, 426, 89 S. Ct. 1166, 1171). A criminal defendant who asserts his innocence does not have an absolute right that his guilty plea be accepted by the court, yet, where there is a strong factual basis showing a defendant's guilt, a court may accept such a plea without constitutional error. (*North Carolina v. Alford* (1970), 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160.) In that case the Supreme Court indicated that the separate States may constitutionally bar their courts from accepting guilty pleas from defendants who profess their innocence. (400 U.S. 24, 39, 27 L. Ed. 2d 162, 172, 91 S. Ct. 160,

168.) The Illinois Supreme Court has stated that "[a]lthough a record which shows an absence of a factual basis for a plea would reflect noncompliance with Rule 402(c), a court is not precluded from accepting a plea of guilty, in spite of a defendant's claim of innocence, if the record reflects a factual basis from which a jury could find the defendant guilty of the offense to which the plea was entered." (*People v. Barker* (1980), 83 Ill. 2d 319, 333, 415 N.E.2d 404, *cert. denied* (1981), 452 U.S. 964, 69 L. Ed. 2d 976, 101 S. Ct. 3116.) It has also been held that a court is not obliged to accept a plea of guilty from a defendant who professes innocence. (*People v. Morgan* (1973), 14 Ill. App. 3d 232, 234, 302 N.E.2d 152, *aff'd* (1974), 59 Ill. 2d 276, 281, 319 N.E.2d 764.) There is no statutory right in Illinois to plead guilty in such circumstances, and Supreme Court Rule 402, which governs pleas of guilty, confers no authority upon a trial court to accept a plea of guilty absent a factual basis for it shown in the record.

In the present case defendant did not directly deny his guilt of the burglary or profess his innocence, yet he would say little more than he was at the scene. In response to questions by the court, defendant suggested he was only returning to the scene after the car broke down and the police were there. Ordinarily, a factual basis for an offense consists of a defendant's express admission that he committed it or a recital to the court of evidence which supports the charge against defendant with which he concurs. (*People v. Smith* (1983), 113 Ill. App. 3d 917, 924, 446 N.E.2d 876.) Neither the State's Attorney, defendant, nor his counsel offered to the trial court any other facts which may have provided a basis upon which the court could find that defendant committed the burglary. Absent a factual basis for the tendered plea of guilty, the court was precluded by Rule 402(c) from accepting it. If it had been accepted on these facts, a subsequent motion to withdraw the guilty plea for failure to comply with Rule 402 would necessarily have merit.

We find no merit to defendant's argument that a duty lay upon the trial court to search out sufficient facts relating to defendant's participation in the burglary to meet the requirements of Rule 402(c). A similar argument has been advanced, and rejected, that the rule imposes a duty on the court to determine if there are possible defenses to the charge against a defendant who offers to plead guilty. (*People v. Smith* (1983), 113 Ill. App. 3d 917, 924, 446 N.E.2d 876; *People v. Burgess* (1975), 34 Ill. App. 3d 966, 969, 342 N.E.2d 407.) A court acts upon the matters before it and need not look beyond matters offered by defendant, his counsel, or the State's Attorney to comply with Rule 402(c). The court here ruled upon the record before it

and did not abuse its discretion in refusing the plea of guilty of this 17-year-old defendant on the record provided.

■ As we have concluded that the trial properly rejected defendant's tendered plea of guilty, and that no substantial right is implicated herein, there is no basis upon which to invoke the plain-error doctrine.

■ ■ Defendant has also contended that the trial court erred in refusing to allow his counsel to withdraw when the case was called to trial. This issue also was not raised by post-trial motion and is waived. In any event, it is apparent defendant's counsel offered no basis upon which it could be determined that he could not continue to represent defendant and he thus failed to carry his burden of showing the legitimacy of his request. *People v. Wolff* (1960), 19 Ill. 2d 318, 322, 167 N.E.2d 197, *cert. denied* (1960), 364 U.S. 874, 5 L. Ed. 2d 96, 81 S. Ct. 119; *People v. Gornick* (1982), 107 Ill. App. 3d 505, 437 N.E.2d 892.

Accordingly, the judgment of the circuit court will be affirmed.

Affirmed.

UNVERZAGT, J., concurs.

JUSTICE HOPF, dissenting:

I respectfully disagree with the majority's opinion that the trial court did not commit plain error in refusing to accept defendant's guilty plea. While I agree with the majority that ordinarily the trial court need not look beyond the matters before it, I do not agree that the court did not need to inquire further into this particular defendant's participation in the burglary to determine if his guilty plea satisfied the requirements of Supreme Court Rule 402(c) (87 Ill. 2d R. 402(c)).

Upon defendant's offer to plead guilty, the trial court questioned defendant about his involvement in the burglary. Defendant stated that he was "by there, there." Defendant's explanation referred to some friends who were present that night and to his car's breaking down when he saw the police. Defendant responded "no" to the court's question whether he had anything to do with it. Defendant stated that he was "pleading guilty [he] *** was there." The court stated that "I don't let somebody plead guilty that says they didn't do it. If you didn't know about it, you didn't do it." The court did not further question defendant about the events, did not consult the record, and did not ask the State's Attorney to state what evidence he

would prove at trial. However, in colloquy with defense counsel the court did state, "but you know I can't—there's no factual basis, I can't take the plea." The guilty plea was not accepted.

If a defendant admits or states that he committed the acts with the intent required, then Supreme Court Rule 402(c) is complied with. (87 Ill. 2d R. 402(c); *People v. Hudson* (1972), 7 Ill. App. 3d 800, 803, 288 N.E.2d 533.) If the defendant persists in the desire to plead guilty, but fails or refuses to admit that he committed the crime or professed his innocence, the plea may be accepted if a factual basis is otherwise demonstrated. (7 Ill. App. 3d 800, 803, 288 N.E.2d 533; *North Carolina v. Alford* (1970), 400 U.S. 25, 38, 27 L. Ed. 2d 162, 172, 91 S. Ct. 160, 167-68.) A factual basis for a guilty plea may be established by the prosecuting attorney's summary of the testimony that would be presented, by the statement of the facts by witnesses, or by determination through an examination of the presentence report. (*People v. Hopson* (1981), 101 Ill. App. 3d 564, 569-70, 428 N.E.2d 680.) If the latter method is used, the judge should state in open court the material he was relying on in determining there is a factual basis for the plea. (*People v. Hudson* (1972), 7 Ill. App. 3d 800, 803-04, 288 N.E.2d 533.) The trial court may use any portion of the record to find the factual basis (*People v. Kinsley* (1973), 10 Ill. App. 3d 326, 329, 293 N.E.2d 627), but the factual basis for a guilty plea is not to be accomplished from the defendant's own recital of the facts (*People v. Lumley* (1979), 76 Ill. App. 3d 221, 223, 394 N.E.2d 1079).

In the instant case, the defendant's voluntary statement to the police which appears in the record is in poor English and difficult to understand, and the statement by itself would not provide a factual basis for defendant's plea of guilty. The trial court, however, could have asked for a statement by the State's Attorney of the evidence he would present or could have used one of the other methods outlined above to determine if a factual basis existed for the guilty plea. (See *People v. Kinsley* (1973), 10 Ill. App. 3d 326, 328-29, 293 N.E.2d 627 (after defendant's failure to admit that he shot his wife, the trial court examined the record to find a factual basis); *United States v. Navedo* (2d Cir. 1975), 516 F.2d 293, 296-97 (the trial court reviewed a memorandum from the government in support of the plea and defendant's prearraignment statement).) Here, however, the trial court simply refused to accept defendant's guilty plea without looking further.

Although the reasons for Supreme Court Rule 402(c) have been stated to be to protect the defendant from pleading guilty to a crime which he did not commit (*People v. Nyberg* (1974), 24 Ill. App. 3d 41, 47, 320 N.E.2d 546, 550, *rev'd on other grounds* (1976), 64 Ill. 2d 210,

356 N.E.2d 80, *cert. denied* (1977), 430 U.S. 970, 52 L. Ed. 2d 362, 97 S. Ct. 1654), the rule should also protect the defendant who wishes to plead guilty but who has an unreasonable belief in his innocence. Under the particular circumstances presented in this case, I believe it was error for the trial court not to have inquired further into defendant's participation in the burglary to determine whether the requirements of Supreme Court Rule 402(c) were met, especially in light of the fact that the defendant persisted in his desire to plead guilty even after the court refused his plea. 87 Ill. 2d R. 402(c).

The standard for reviewing a trial court's refusal to accept a guilty plea is whether the refusal was an abuse of discretion. *People v. Fernetti* (1983), 117 Ill. App. 3d 44, 52, 452 N.E.2d 790, *rev'd on other grounds* (1984), 104 Ill. 2d 19, 470 N.E.2d 501.

In my opinion the lower court abused its discretion in one of two ways. First, if we take the trial judge's statement, "I don't let somebody plead guilty that says they didn't do it," to mean that he rejects the plea with nothing further, then I would say he errs as a matter of law. In *Farley v. Clanton* (Iowa 1979), 280 N.W.2d 411, 415 n.2, the Iowa Supreme Court stated that a trial court's refusal ever to accept an *Alford* plea would be a refusal to exercise discretion and therefore would be reversible error. See also *People v. Queen* (1974), 56 Ill. 2d 560, 565-66, 310 N.E.2d 166.

Secondly, even if we interpret the judge's statement to counsel, "there's no factual basis, I can't take the plea," to mean that he was familiar with the principles laid down in *Alford* and *People v. Barker* (1980), 83 Ill. 2d 319, 332-33, 415 N.E.2d 404, *cert. denied* (1981), 452 U.S. 964, 69 L. Ed. 2d 976, 101 S. Ct. 3116, I still believe he abused his discretion by failing to follow up and determine whether there was a factual basis for the plea. If we acknowledge that a court in the exercise of its discretion may accept the plea from one who protests his innocence, if the plea is voluntary, and that there is a factual basis for the plea as in *Alford,* then the court must of necessity inquire into the factual basis. This is implicit in the exercise of its discretion.

I agree with the majority that there is no duty to ferret out possible defenses. *People v. Smith* (1983), 113 Ill. App. 3d 917, 924, 446 N.E.2d 876; *People v. Burgess* (1975), 34 Ill. App. 3d 966, 969, 342 N.E.2d 407.

I note also that the defendant did not protest his innocence, but in fact persisted in his desire to plead guilty. It was only in his response to questions that the court determined that there was insufficient factual basis on which to base a plea. This situation differs from that where a defendant is attempting to withdraw a plea of guilty pursu-

ant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) claiming that the court accepted his plea without factual basis and without a determination whether the plea was voluntarily and understandably entered in accordance with Supreme Court Rule 402 (87 Ill. 2d R. 402). (*People v. Smith* (1983), 113 Ill. App. 3d 917, 924-25, 446 N.E.2d 876; see also *People v. Burgess* (1975), 34 Ill. App. 3d 966, 969, 342 N.E.2d 407.) I also believe consideration should be given to the age of the defendant, which was 17 at the time this transpired.

I would reverse this cause and remand it for a hearing on defendant's plea of guilty.