THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN C. CHERNETTI, Defendant-Appellee.

Second District    No. 2—92—0859

Opinion filed February 15, 1994.

Sherry R. Silvern, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

The defendant, John Chernetti, entered a plea of guilty to the offense of cruelty to animals (Ill. Rev. Stat. 1991, ch. 8, par. 703.01 (now 510 ILCS 70/3.01 (West 1992)).) He was sentenced to 21 days in jail, a $500 fine, 50 hours of public service, and 2 years' probation. A motion to vacate the plea was denied. The sentence was subsequently modified to 10 days jail time at the beginning of the probationary period, with the remaining 11 days jail time to be subject to a motion to vacate at the end of the probationary term.

Appealing from both the judgment and the sentence, the defendant presents two issues for review: (1) whether he was properly admonished at the time of his plea of guilty, and (2) whether the court abused its discretion in imposing the sentence. We affirm in part and remand.

Evidently, no reporter was present at any of the proceedings except for the hearing on the motion to vacate the plea. The report of proceedings had at that hearing is included in the record. The parties also prepared an agreed statement of facts (134 Ill. 2d R. 323(d)) that addresses the trial court's admonishments prior to accepting the defendant's plea, the testimony of the witnesses at the sentencing hearing, and the judge's comments at the time of sentencing.

The State's witnesses mainly testified to a history of neglect and mistreatment of the defendant's pet German shepherd; a veterinarian opined that the dog starved, while stating that a full internal autopsy would have been necessary to eliminate the possibility that the starvation was caused by some condition that prevented the dog from obtaining nourishment from food. Photographs and a videotape of the dead dog were shown to the trial judge. The defendant testified that he took care of the dog and fed her, though he did not spend much time with her, and that the dog was naturally thin.

■ The defendant first contends that he was not properly admonished at the time of his guilty plea. Specifically, the defendant argues that his plea was not knowingly and intelligently entered because (1) the right to a jury trial was not fully explained; (2) a factual basis was not established prior to the plea; and (3) he was not admonished as to the minimum sentence.

A defendant's waiver of his right to a jury trial must be knowing and intelligent. (Ill. Rev. Stat. 1991, ch. 38, par. 103—6 (now 725

ILCS 5/103—6 (West 1992)); *People v. St. Pierre* (1992), 146 Ill. 2d 494, 508.) However, no set admonition or advice is required before an effective waiver of that right may be made (*People v. Smith* (1985), 106 Ill. 2d 327, 334), and the determination whether a waiver was made knowingly necessarily turns on the facts of each case (*People v. Frey* (1984), 103 Ill. 2d 327, 332).

At the hearing on the defendant's motion to vacate his guilty plea, defense counsel conceded that the defendant had been advised of his right to a jury trial but went on to argue that the trial court had not explained what a jury trial is. Defense counsel asserted that such an explanation could be necessary in a traffic court situation, where this plea was apparently taken, because a defendant may not be aware of his right to transfer the case for a jury trial.

The cases cited by the defendant, neither of which evidently involves a traffic court situation, do not stand for the proposition that any additional explanation is mandated. In *People v. Talley* (1971), 130 Ill. App. 2d 957, the trial court erred by making no attempt to explain the right to a jury trial after the defendant replied in the negative when asked if he understood that right. In *People v. Bolden* (1972), 7 Ill. App. 3d 730, the trial court omitted the words "by jury" from its admonishment and also failed to mention the defendant's right to be confronted by the witnesses against him.

In the present case, the defendant does not maintain that he gave any negative responses during the trial court's admonishment or that the trial court failed to mention his right to confrontation. Indeed, the defendant concedes he was told that he was giving up his right to a trial by jury and his right to cross-examine witnesses. Although the common-law record contains no signed waiver form, it does contain a photocopy of the court file showing marks in the boxes labelled "jury waiver" and, under admonishments, "rights." We further note that the trial court is on record stating its recollection that it asked the defendant if he understood what a jury trial was.

For the above reasons, we do not find that the defendant's waiver of his right to a jury trial was unknowing and unintelligent.

■ Defendant next asserts that the trial court did not establish a factual basis for the plea. Supreme Court Rule 402(c) provides that the court "shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." (134 Ill. 2d R. 402(c).) A factual basis consists either of a defendant's express admission that he committed the offense alleged or a recital to the court of evidence which supports the allegations of the charge. *People v. Smith* (1983), 113 Ill. App. 3d 917, 924.

Here, before entering final judgment, the trial court evidently

heard and evaluated the testimony of at least five witnesses, including that of a veterinarian. A videotape and photographs were also viewed. We believe this recital of evidence satisfies the factual basis requirement of Rule 402.

■ The defendant also argues that the plea was not knowingly entered into because the court did not admonish him as to the minimum sentence allowed for this Class C misdemeanor. Although section 113—4(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 113—4(c) (now 725 ILCS 5/113—4(c) (West 1992))) requires that only the maximum penalty be explained to a defendant, Supreme Rule 402(a)(2) requires that a defendant be advised of the minimum and maximum sentences (134 Ill. 2d R. 402(a)(2)). The defendant maintains that under section 5—6—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1 (now 730 ILCS 5/5—6—1 (West 1992))), he could have been minimally sentenced to a period of supervision that would not have entailed any jail time.

We agree that the failure to advise a defendant of the possible minimum and maximum sentences is reversible error. (*People v. Kidd* (1989), 129 Ill. 2d 432; *People v. Price* (1990), 196 Ill. App. 3d 321, 325-26.) However, our supreme court has held that substantial compliance with Rule 402(a)(2) does not require that a defendant be admonished as to the auxiliary disposition provisions of the Unified Code of Corrections, including probation and conditional discharge. (*People v. Krantz* (1974), 58 Ill. 2d 187, 195; *People v. Smith* (1983), 113 Ill. App. 3d 917, 924.) Therefore, we find no error in the trial court's failure to admonish the defendant as to the potential disposition of his cause under section 5—6—1 of the Unified Code of Corrections.

■ The second issue defendant presents for review is whether the court abused its discretion in imposing the sentence. A trial judge's sentencing decision is entitled to great deference and weight (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154), and a reviewing court should only find an abuse of discretion if the judgment of the trial court is manifestly unjust or palpably erroneous (*People v. Anderson* (1986), 112 Ill. 2d 39, 46).

The defendant argues that the trial court improperly considered its personal opinion as to this offense because the trial judge stated at sentencing that this was "the worst case of abuse he had ever seen" and that although he was not a dog lover, this was "terrible."

The defendant asserts that the sentence was out of proportion to the seriousness of the offense. Cruelty to animals is a Class C misdemeanor (Ill. Rev. Stat. 1991, ch. 8, par. 716(c)(6) (now 510 ILCS 70/

16(c)(6) (West 1992))) and, as such, is punishable by not more than 30 days in prison (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—3(a)(3) (now 730 ILCS 5/5—8—3(a)(3) (West 1992))). The defendant's initial sentence was less than the maximum allowed and was modified to 10 days' imprisonment, providing the defendant fulfills the conditions of his probation. Thus the sentence is within the range contemplated by the statute.

The defendant further argues that he "apparently" had no prior record of any offenses that would aggravate the sentence to include jail time. However, there is no requirement that the minimum sentence be imposed in the absence of aggravating factors. *People v. Martin* (1983), 112 Ill. App. 3d 486, 503.

Although we find no abuse of discretion in the trial court's sentencing judgment, we agree with the defendant that the court erred in imposing a periodic sentence which does not state the days or parts of days that the defendant is to be confined or the conditions of the periodic imprisonment. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—7—1(e) (now 730 ILCS 5/5—7—1(e) (West 1992)).) A reviewing court lacks the authority to impose a periodic imprisonment with appropriate terms and conditions (*People v. Williams* (1973), 13 Ill. App. 3d 951, 954); therefore, we remand this cause for compliance with section 5—7—1(e) of the Unified Code of Corrections.

For the reasons stated above, the judgment of the circuit court is affirmed. The sentence is affirmed in part, and the cause is remanded.

Affirmed in part and remanded.

INGLIS, P.J., and QUETSCH, J., concur.