THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED MEYER, Defendant-Appellant.

(No. 73-409;

Second District (2nd Division)—May 7, 1975.

222

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Alfred Meyer, was indicted by the Winnebago County Grand Jury for the offense of burglary. Subsequently, defendant plead guilty, pursuant to plea negotiations. He was sentenced to 1 to 4 years imprisonment. Defendant contends on appeal that the trial judge did not ascertain that there was factual basis for his guilty plea as required by Supreme Court Rule 402(c).

On February 28, 1973, two Rockford police officers observed defendant near a Rockford clothing store. Defendant left their sight for a few seconds and they heard glass breaking. They drove to the location and

found defendant holding 5 boots. The window of a business, Insurance Liquidators, was broken and the boots had been removed therefrom. The crime was witnessed by a private citizen. At the hearing on the plea defense counsel stated, "Your Honor, Mr. Meyer is thirty-two years old and he has had a problem in the past and I believe he has a problem now with drinking. He was drinking this particular night * * * I feel that if the Court would go along with the plea negotiation, perhaps this time he could receive some counseling on alcoholism and perhaps get back into society and become a productive member."

The issue on appeal is:

Did the trial judge err, in light of a statement by defense counsel that defendant had been drinking on the night of the offense and had problems with alcohol, in not making further inquiry into the extent of defendant's drinking in order to ascertain that there was a factual basis for defendant's guilty plea?

Defendant argues that the statement of his defense counsel regarding his drinking and alcohol problems indicated to the trial judge the possibility that he could not have formed the necessary mental state for a burglary, *i.e.*, intent to commit a theft (see Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a)), in that intoxication is a defense if it negatives the existence of a required mental state. Ill. Rev. Stat. 1973, ch. 38, par. 6—3(a).

■■ The factual basis of a guilty plea consists of an express admission by the defendant that he committed the act charged in the indictment, with the accompanying state of mind, or a recital to the court of evidence to support the charge in the indictment. (*People v. Green*, 12 Ill.App.3d 418. See also, *People v. Trinka*, 10 Ill.App.3d 183; Ill. Ann. Stat. ch. 110A, § 402(c), Committee Comments (Smith-Hurd 1974 Supplement).) The judge may use any portion of the record to find a factual basis for a plea. (*People v. Kinsley*, 10 Ill.App.3d 326.) The record here indicates that the factual basis for this plea was enunciated by the State's attorney in the presence of defendant at the hearing on the plea. The record also clearly shows that at the preliminary hearing one of the arresting officers testified that he really could not say as to defendant's sobriety, but that defendant looked calm and obeyed an instruction to get on the ground.

■■ The requirement of a factual basis for the guilty plea is met where it appears from the record that there is a basis for reasonably concluding that the defendant committed the crime he was charged with (including any requisite intent, as here); it does not have to appear on the record beyond a reasonable doubt or even by the preponderance of the evidence that the defendant did commit the crime. (*People v. Hudson*, 7 Ill.App.3d 800.) Given the testimony of the officer as to defendant's calm, obedient demeanor at the time of the arrest, the absence of any evidence that de-

fendant was in fact intoxicated when he committed the offense, and the mention by defense counsel of defendant's drinking on the night in question and problems with alcohol clearly for the sole purpose of getting defendant counselling while in prison, there was a reasonable basis for the plea.

In order to raise the defense of intoxication, provided for in section 6—3(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 6—3(a)), to a crime requiring intent, "*  *  * the accused must show that this drunkenness existed to such a degree as to render the accused wholly incapable of forming such intent." (*People v. Gonzales*, 40 Ill.2d 233, 241.) Not only is there no evidence here of intoxication to the degree that defendant was incapable of forming the intent to commit a theft, but there is evidence to the contrary (from the arresting officer, as stated supra, that defendant was lucid at the time of his arrest).

■■ In summation, there was a factual basis for defendant's guilty plea and the trial judge did not err in not making further inquiry into defendant's possible intoxication. Compare *People v. La Fette*, 21 Ill.App.3d 31.

For the foregoing reasons, the judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.