THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. VINSON, Defendant-Appellant.

Fifth District    No. 5—95—0475

Opinion filed April 22, 1997.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Donna Hickstein-Foley, of Chicago, for appellant.

Michael Wepsiec, State's Attorney, of Murphysboro (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, James E. Vinson, was charged by information with three counts of first-degree murder in connection with the strangulation death of his girlfriend, Terry Spillers. Defendant pleaded guilty to one count and was sentenced by the circuit court of Jackson County to 40 years' imprisonment. Two weeks after being sentenced, defendant filed a *pro se* petition to withdraw his guilty plea and vacate the sentence imposed. Appointed counsel subsequently filed a supplemental petition for defendant, which the court denied without hearing evidence. Defendant appeals the denial of his petition to withdraw his guilty plea, contending that the trial court failed to adequately establish a factual basis for his plea and that the record reflects he has a meritorious defense, *i.e.*, the killing was accidental and not performed with the knowledge that his acts created a strong probability of death.

Generally, it is within the sound discretion of the trial court to decide whether a plea of guilty may be withdrawn, and that decision

will not be disturbed unless it appears that the guilty plea was entered through a misapprehension of facts or law or that there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial. *People v. Pugh*, 157 Ill. 2d 1, 13-14, 623 N.E.2d 255, 261 (1993); *People v. Hillenbrand*, 121 Ill. 2d 537, 545, 521 N.E.2d 900, 903 (1988). Here the court erred in not allowing defendant to withdraw his guilty plea.

■ Supreme Court Rule 402(c) states: "The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." 134 Ill. 2d R. 402(c). The factual basis for a guilty plea generally consists of either an express admission by the accused that he committed the acts alleged in the indictment or a recital of evidence to the court that supports the allegations in the indictment. *People v. Banks*, 213 Ill. App. 3d 205, 211, 571 N.E.2d 935, 939 (1991); *People v. Smith*, 113 Ill. App. 3d 917, 924, 446 N.E.2d 876, 881 (1983); *People v. Meyer*, 28 Ill. App. 3d 221, 223, 328 N.E.2d 190, 191 (1975). Rule 402(c) is satisfied, however, if there is a basis anywhere in the record up to the entry of the final judgment from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which he is pleading guilty. *People v. Barker*, 83 Ill. 2d 319, 327-28, 415 N.E.2d 404, 408 (1980); *Banks*, 213 Ill. App. 3d at 211, 571 N.E.2d at 939; *People v. Edmonds*, 15 Ill. App. 3d 1073, 1079, 305 N.E.2d 346, 351 (1973). Rule 402 does not require strict compliance, but there must be at least substantial compliance with the rule. *People v. Johnson*, 66 Ill. App. 3d 84, 91, 383 N.E.2d 648, 654 (1978). Even substantial compliance is lacking here.

■ The record reveals that during the Rule 402 admonishments the court questioned defendant concerning his opportunity to speak with counsel and his waiver of trial, confrontation, and presentation of witnesses; whether any threats or promises had been made; and about his understanding of the State's burden of proof and his presumption of innocence. The court then asked both parties whether the Rule 402 agreement was in the best interests of justice, and the court specifically asked defendant: "Did you do it?" Defendant responded in the affirmative, and sentence was imposed. Nowhere in the record is there any indication of how or if the trial court satisfied itself that a factual basis for the plea existed. There is no recitation or stipulation of facts, no police reports, no witness statements, no presentence investigation report, no nothing except defendant's admission "I did it" and a fitness-inquiry report stating defendant alleged the killing was accidental. There is no indication in the record

that the court participated in a plea conference or that there was a preliminary hearing. There simply is nothing before us evidencing that the court did satisfy itself or even could have satisfied itself that a factual basis for defendant's plea existed. Compare *Edmonds*, 15 Ill. App. 3d at 1076, 305 N.E.2d at 349, and *People v. Rollins*, 9 Ill. App. 3d 1011, 1012, 293 N.E.2d 733, 734 (1973), with *People v. Martin*, 58 Ill. App. 3d 633, 637, 374 N.E.2d 1012, 1015 (1978) (court had substantial familiarity with case because of plea conference), and *Meyer*, 28 Ill. App. 3d at 223, 328 N.E.2d at 191 (in addition to preliminary hearing, factual basis enunciated by State). As the court once noted in *People v. Morris*, 8 Ill. App. 3d 232, 289 N.E.2d 635 (1972), although the absence of such evidence does not conclusively eliminate the possibility that the trial court may indeed have investigated and satisfied itself in some manner not reflected in the record that there was a factual basis for the plea, the total lack of any reference to how or if this was done is ground for reversal. *Morris*, 8 Ill. App. 3d at 233, 289 N.E.2d at 635-36; see also *People v. Cullison*, 8 Ill. App. 3d 229, 289 N.E.2d 636 (1972). Accordingly, we reverse and remand this cause with directions to permit defendant to withdraw his plea and plead anew.

Reversed and remanded with directions.

KUEHN, P.J., and HOPKINS, J., concur.