2020 IL App (1st) 171975-U

No. 1-17-1975

Order filed November 12, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17 MC1 202896 |
| | ) | |
| JOZETTE PEPPER GREENFIELD, | ) | Honorable |
| | ) | Adrienne Davis, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because the record contains an adequate factual basis for defendant's guilty plea, her counsel was not ineffective for failing to raise that issue in support of defendant's post-judgment motion to withdraw the plea.

¶ 2    Defendant Jozette Pepper Greenfield pleaded guilty to the Class B misdemeanor offense of harassment by telephone (720 ILCS 5/26.5–2(a)(2) (West 2016)) and was sentenced to two years of court supervision. She later filed a *pro se* motion to withdraw her guilty plea, which the trial court denied. On appeal, defendant contends that her counsel rendered ineffective assistance

at the hearing on her motion to withdraw her guilty plea by failing to argue that the record did not reflect an adequate factual basis for the plea. For the following reasons, we affirm the trial court's judgment.[1]

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged by complaint with one count of harassment by telephone. The complaint alleged that, on or about February 13, 2017, defendant made several telephone calls to Carmelo Rodriguez with the intent to abuse, threaten, or harass him. Defendant was arrested on February 15, 2017, and was released the same day on a $1500 personal recognizance bond. According to the arrest report, Rodriguez told police that defendant contacted him on several occasions by cell phone and left threatening voicemail messages that placed him in fear of physical violence. Rodriguez also stated to police that he recognized the voice on the threatening voicemail messages as that of defendant.[2]

¶ 5      At defendant's first court appearance on March 9, 2017, the State asked the trial court to impose a special condition on defendant's bond prohibiting her from having unlawful contact with Rodriguez. In support, the State indicated that it had evidence of numerous voicemail messages and text messages that defendant sent to Rodriguez threatening to kill him. The trial court granted the State's request and entered a written order prohibiting defendant from having any unlawful contact with Rodriguez as a special condition of her bond.

_____

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[2] Defendant was separately charged with several other misdemeanor offenses stemming from a property dispute between her and Rodriguez, including at least one count of criminal trespass to land, but the record contains no further information about those charges.

¶ 6 On March 23, 2017, the State filed a petition alleging that defendant violated the special condition of her bond. The petition alleged that, on March 15, 2017, defendant called Rodriguez and told him to watch his back because she knew where he lived. The trial court held a hearing on the State's petition on July 19, 2017. At defendant's request, the trial court appointed the public defender to represent defendant, who until that time had been proceeding *pro se*. After hearing testimony from Rodriguez and defendant, the trial court found that defendant violated the special condition of her bond by having unlawful contact with Rodriguez. The court increased the amount of defendant's bond to $50,000 and converted it from a personal recognizance bond to a D-bond, requiring defendant to post 10% of the amount of the bond. Defendant was unable to post that sum and was taken into custody.

¶ 7 At her next court appearance, on July 27, 2017, defendant asked the court to participate in a plea conference under Illinois Supreme Court Rule 402(d)(1) (eff. July 1, 2012). The trial court conducted the conference off the record with the prosecutor and defense counsel. At the end of the conference, the court recommended a sentence of 24 months of court supervision on the telephone harassment charge, with a condition that defendant have no unlawful contact with Rodriguez and no contact with their disputed property until a pending civil action concerning the property was resolved. The court's recommendation also called for the State to dismiss the other charges against defendant.

¶ 8 Following the plea conference, defendant stated on the record that defense counsel had explained the court's recommendation to her and that she wished to accept the offer and plead guilty to the telephone harassment charge. During the ensuing plea colloquy, the court asked the State to recite the factual basis for the plea. The State responded that it "would stipulate that a

factual basis exists to support the plea." Defense counsel offered a similar stipulation. The court found that the plea was knowing and voluntary and that "a factual basis exists for the plea." The court accepted defendant's guilty plea and sentenced her in accordance with the recommendation made at the plea conference. The State then dismissed the remaining charges.

¶ 9    Four days later, on July 31, 2017, defendant filed a *pro se* motion to withdraw her guilty plea. At a hearing on the motion, before a different judge, defendant argued that she entered the plea under duress after being incarcerated following her bond violation. She also argued that the condition of her supervision prohibiting her from visiting the disputed property was extreme and asked the court to instead sentence her to time served. Although defense counsel was present at the hearing, she did not argue on defendant's behalf. The court found that defendant did not enter her plea under duress and denied her motion to withdraw the plea. Defendant then filed a timely notice of appeal.

¶ 10                                II. ANALYSIS

¶ 11    On appeal, defendant contends that she received ineffective assistance of counsel at the hearing on her motion to withdraw her guilty plea when her appointed counsel failed to argue that the record did not contain an adequate factual basis for the plea. Because we conclude that the record contained an adequate factual basis for defendant's guilty plea, we reject her contention that counsel was ineffective for failing to raise the issue.

¶ 12    Illinois Supreme Court Rule 402(c) states that a trial court "shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." Ill. S. Ct. R. 402(c) (eff. July 1, 2012). "The factual basis for a guilty plea generally consists of either an express admission by the accused that he committed the acts alleged in the indictment or a recital

of the evidence to the court that supports the allegations in the indictment." *People v. Brazee*, 316 Ill. App. 3d 1230, 1236 (2000). The demands of Rule 402(c) are satisfied, however, so long as "there is a basis anywhere in the record *** from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which he is pleading guilty." *People v. Vinson*, 287 Ill. App. 3d 819, 821 (1997).

¶ 13    Defendant argues that the trial court did not adequately comply with Rule 402(c) because it merely accepted the parties' stipulation that there was a factual basis for defendant's plea without requiring either side to articulate what that factual basis was. We agree that the stipulation alone did not satisfy Rule 402(c). See *People v. Williams*, 299 Ill. App. 3d 791, 794 (1998) (holding that factual basis for plea "may not be based upon a stipulation between the attorneys"). But setting the stipulation aside, the record before the trial court—which contained an arrest report documenting the victim's statements to police and a proffer by the State describing a portion of its evidence— supplied an adequate factual basis for defendant's plea. See *People v. Allen*, 323 Ill. App. 3d 312, 317 (2001) ("In determining a factual basis, the court may look anywhere in the record and may consider police reports, confessions, statements of witnesses, or information contained in the presentence report.").

¶ 14    Defendant pleaded guilty to the offense of harassment by telephone. A person commits that offense when she "uses telephone communication" for the purpose of "[m]aking a telephone call, whether or not conversation ensues, with intent to abuse, threaten or harass any person at the called number." 720 ILCS 5/26.5–2(a)(2) (West 2016). The complaint alleged that, on or about February 13, 2017, defendant made several telephone calls to Rodriguez with the intent to abuse, threaten,

or harass him. As documented in the arrest report, Rodriguez told police that defendant contacted him on several occasions by cell phone and left threatening voicemail messages that placed him in fear of physical violence. The arrest report also documents that Rodriguez stated that he recognized the voice on the voicemail messages as that of defendant. Finally, in addition to the information disclosed in the arrest report, the State made a proffer concerning the nature of its evidence at defendant's first court appearance. In particular, when asking the trial court to impose a special condition on defendant's bond prohibiting her from having unlawful contact with Rodriguez, the State informed the court that it had evidence of numerous voicemail messages that defendant sent to Rodriguez in which she threatened to kill him. In light of both the arrest report and the State's proffer, we conclude that there was a sufficient basis in the record "from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense" of telephone harassment. *Vinson*, 287 Ill. App. 3d at 821.

¶ 15    Defendant suggests we should ignore the arrest report and the State's proffer at the initial bond hearing because the trial court did not expressly reference them during the plea colloquy. In support, defendant cites *dicta* in *People v. Hudson*, 7 Ill. App. 3d 800, 803-04 (1972), which states that when a trial court relies on something other than the defendant's express admission to having committed the charged acts, the prosecutor's recitation of what the evidence at trial would show, or actual witness testimony, the judge "should state in open court the material he is relying on in determining there is a factual basis for the plea." But our supreme court has never mandated such a procedure. Rather, that court has explained that "[t]he means of inquiry utilized by the trial court shall be determined on a case-by-case basis." *People v. Nyberg*, 64 Ill. 2d 210, 214 (1976).

Indeed, *Hudson* itself recognized that "Rule 402(c) does not specify any particular method of inquiry into the factual basis of the plea" but instead permits trial courts to "utilize any appropriate procedure which will assure a record that demonstrates there is a factual basis for the plea." *Hudson*, 7 Ill. App. 3d at 803.

¶ 16    "All that is required to appear on the record," *Hudson* explained, "is a basis upon which the judge could reasonably reach the conclusion that there is a connection between the defendant's acts and the intent with which he acted and the acts and intent (if any) required to constitute the offense to which the defendant is pleading guilty." (Emphasis omitted.) *Id.* Our supreme court later adopted this portion of the *Hudson* decision in *People v. Barker*, 83 Ill. 2d 319, 327-28 (1980) ("All that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty."), but it did not also approve *Hudson*'s *dicta* that a trial court must (in certain instances) expressly refer to the materials on which it relies when finding that a factual basis for a guilty plea exists. Because the arrest report and the State's proffer at the initial bond hearing are part of the record that was before the trial court, we may appropriately consider them, whether or not the trial court expressly referred to them, when assessing whether "there is a basis anywhere in the record *** from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which he is pleading guilty." *Vinson*, 287 Ill. App. 3d at 821.

¶ 17    Finally, defendant argues that the record does not reflect an adequate factual basis for her plea because it is not clear that the calls described in the arrest report correspond with the calls

referenced in the complaint. We disagree. The complaint alleges that, on or about February 13, 2017, defendant made several telephone calls to Rodriguez with the intent to abuse, threaten, or harass him. Rodriguez signed the complaint on February 15, 2017. The same day, defendant was arrested and the arrest report was prepared. The report documents Rodriguez's statements to police, namely, that defendant called him on several occasions and left threatening voicemail messages that placed him in fear of physical violence, and that he recognized the voice on the voicemail messages as that of defendant. Because the arrest report and complaint were prepared on the same day, we find it sufficiently clear for purposes of establishing a factual basis for defendant's plea that the calls referenced in the arrest report are the same as those referenced in the complaint. See *Barker*, 83 Ill. 2d at 327 ("the quantum of proof necessary to establish a factual basis for the plea is less than that necessary to sustain a conviction after a full trial"). Accordingly, Rodriguez's statements as documented in the arrest report, coupled with the State's proffer that it had evidence of numerous voicemail messages that defendant sent to Rodriguez threatening to kill him, supplied a sufficient factual basis for defendant's guilty plea to the telephone harassment charge. And because the record contains a sufficient factual basis for defendant's guilty plea, her counsel was not ineffective for failing to argue this issue in support of defendant's request to withdraw the plea.

¶ 18                                    III. CONCLUSION

¶ 19    For the foregoing reasons, we affirm the circuit court's judgment.

¶ 20    Affirmed.