NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 210603-U

NO. 4-21-0603

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 25, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Coles County |
| GRATES STACKS, | ) | No. 21CF82 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mitchell Kevin Shick, |
| | ) | Judge Presiding. |

---

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice DeArmond and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The appellate court affirmed, concluding defendant had not established his claims of ineffective assistance of postplea counsel and plain error.

¶ 2     Pursuant to a negotiated guilty plea, defendant, Grates Stacks, was convicted of threatening a public official and sentenced to six years' imprisonment. Later, defendant, through new postplea counsel, filed a motion to withdraw his guilty plea. Following a hearing, the trial court denied defendant's motion. Defendant now appeals from that denial, arguing, for the first time, the trial court failed to substantially comply with Illinois Supreme Court Rule 402 (eff. July 1, 2012) when it accepted his guilty plea without a sufficient factual basis and without first admonishing him about the right to plead not guilty, to persist in a previously made plea of not guilty, or to plead guilty. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                        A. Charge

¶ 5        In February 2021, the State charged defendant with one count of threatening a public official (720 ILCS 5/12-9(a)(1)(i) (West 2020)). The State alleged defendant, on or about February 23, 2021, "knowingly delivered or conveyed, directly or indirectly, to a public official by any means a communication containing a threat that would place the public official in reasonable apprehension of immediate or future bodily harm, in that Defendant told Officer Jacob Latch that Defendant was going to rape Officer Latch's daughter and that Defendant would get Officer Latch's daughter on heroin and sell her in the Chicago sex trade, and the threats were conveyed because of the performance of the officer['s] public duties, being the tightening of straps on Defendant while he was in custody of the Coles County Safety Detention Center."

¶ 6                            B. Preliminary Proceedings

¶ 7        Also in February 2021, the trial court set bond for defendant. As a condition of defendant's bond, the court ordered "no contact with *** Jacob Latch, and as much as Jacob Latch is a law enforcement officer, of course any contact made in the course of law enforcement would not be prohibited."

¶ 8        In March 2021, the State moved to continue a preliminary hearing because "Deputy Latch" was unavailable. Later that month, the State filed a discovery disclosure identifying several possible witnesses of the Coles County Sheriff's Office, including "Ofc. Jacob Latch."

¶ 9        In April 2021, defendant entered a plea of not guilty and a demand for a jury trial.

¶ 10                                   C. Guilty Plea

¶ 11       In June 2021, the trial court, at the commencement of a final pretrial hearing, was informed the parties had reached a plea agreement: defendant agreed to plead guilty to the charge

of threatening a public official in exchange for the State agreeing to recommend a sentence of no more than seven years' imprisonment and to move to dismiss a pending charge of aggravated battery in another case against defendant.

¶ 12 After the trial court confirmed defendant's understanding of the charge, the possible penalties for the charge, and the terms of the plea agreement, the following discussion occurred on the record:

"THE COURT: Do you still wish to go forward with this plea of guilty?

DEFENDANT STACKS: Yes.

THE COURT: You have the absolute right to a jury trial. We have one scheduled for next week, next Tuesday, but you have the absolute right to a jury trial. That's where 12 individuals from this community would be selected with the assistance of you and [defense counsel] and the state's attorney. The jury would determine your guilt or innocence. A verdict would have to be unanimous meaning all 12 jurors would have to agree that you're guilty before you could be found guilty. Only you can waive your right to a jury trial. No one can do that for you. If you plead guilty today, you'd be giving up your right to a jury trial; do you understand?

DEFENDANT STACKS: Yes, sir.

THE COURT: Are you giving up that right of your own free will?

DEFENDANT STACKS: Yes, sir.

THE COURT: We'll show that Mr. Stacks has signed and tendered in open court his Written Waiver of his Right to Jury Trial. You could also ask for a bench trial. That's where the Judge would determine your guilt or innocence. At any trial you have all the following rights: [defense counsel] would represent you at all stages; the State would be required to prove your guilt beyond a reasonable doubt; you would be able to see, hear, and cross-examine witnesses against you, to subpoena witnesses into court, and to offer testimony on your own behalf but no one can force you to testify; you have the absolute right to remain silent now and at the time of the trial; do you understand all those rights?

DEFENDANT STACKS: Yes, sir.

THE COURT: Do you understand if you plead guilty today you're giving up all the rights I've talked to you about, there will be no trial of any kind?

DEFENDANT STACKS: Yes, sir.

THE COURT: Are you giving up those rights voluntarily?

DEFENDANT STACKS: Yes, sir.

THE COURT: Has [defense counsel] done a satisfactory job of representing you?

DEFENDANT STACKS: Yes.

THE COURT: Do you understand you don't have to enter a plea of guilty today if you don't want to?

DEFENDANT STACKS: Yes, I understand.

THE COURT: There is a 48-hour Affidavit in the file. Would the parties stipulate that would substantially be the State's evidence?

[STATE]: Yes, sir.

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: I do find a factual basis for the plea. Has any force or threat been used to make you plead guilty?

DEFENDANT STACKS: No, sir.

THE COURT: Have any promises of any kind been made to you that have not been revealed to me to have you enter in this open plea of guilty?

DEFENDANT STACKS: No, sir.

THE COURT: Subject then to the consideration that we've talked about, the State is making, how do you plead to the offense in Count I, the only Count, 21-CF-82 threatening a public official?

DEFENDANT STACKS: Guilty.

THE COURT: I accept the plea of guilty."

¶ 13    Contained within the common law record is a document captioned, "AFFIDAVIT OF ARRESTING/INVESTIGATING OFFICER 48 HOUR FORM/ARREST WITHOUT WARRANT COLES COUNTY." The affidavit alleges defendant committed the offense of threatening a public official on February 23, 2021, and identifies the victim as Jacob Latch. The investigative summary of the affidavit states as follows:

"On 022321 at approximately 1400 I Officer Latch was on duty and in uniform at the Coles County Jail when I was asked to help tighten straps on inmate Grates Stacks.

After tightening the straps, Stacks told me he was going to kill me and my family. He said he knew where I lived and that he saw me out in Mattoon all the time.

A short time later an ambulance came to take Grates Stacks to the hospital, as he was being taken down he kept calling me sweetie and said that he was going to rape my daughter. He also made mention that he always carry's a gun with him.

Enroute to the hospital he made multiple comments about my daughter and wife. Stating that he was going to get my daughter on heroin and sell her in Chicago in the sex trade. He also said that he will post their photos on the internet because he knows several people in that game.

While out at the hospital he mentioned how I was his B*** and that he was going to kill my family once again and this time he was going to F*** me also."

At the bottom of the affidavit is an apparent signature of Jacob Latch. The signature is above a preprinted area stating, "Arresting Officer."

¶ 14          After the trial court accepted the guilty plea, defendant made an oral motion to reduce or modify bond. When addressing the matter, the State noted, "Obviously Officer—Deputy Latch is at the jail, so that's when this is alleged to have occurred."

¶ 15                    D. Postplea Proceedings

¶ 16          In September 2021, the trial court conducted a sentencing hearing. During the hearing, Jacob Latch testified he was "a corrections officer with the Coles County Jail" and had been a corrections officer for "[a] little over ten years." The court, at the conclusion of the examination, thanked "Deputy" Latch for his testimony. Later, the State, when issuing its sentencing recommendation of seven years' imprisonment, repeatedly referred to Latch as "Deputy Latch." Defense counsel, in response, noted defendant had "acknowledge[d] his wrongdoing when he entered his guilty plea." After indicating it had considered "Deputy Latch's" testimony, the court sentenced defendant to six years' imprisonment and, on motion of the State, dismissed the pending charge of aggravated battery in defendant's other case. Thereafter, defendant, through new postplea counsel, filed motions to withdraw the guilty plea and reconsider the sentence, motions which were based upon complaints not pursued in this appeal. During an October 2021 hearing on the motions, defendant testified about his prior counsel allegedly stating he "would get [defendant] probation on threatening the police officer." The court denied defendant's motions.

¶ 17          This appeal followed.

¶ 18                           II. ANALYSIS

¶ 19          On appeal, defendant argues, for the first time, the trial court failed to substantially comply with Rule 402 when it accepted his guilty plea without a sufficient factual basis and without first admonishing him about the right to plead not guilty, to persist in a previously made plea of not guilty, or to plead guilty. Defendant acknowledges his failure to raise these issues below results in their forfeiture but asks they be reviewed as a matter of ineffective assistance of postplea counsel and plain error. We address each issue in turn.

- 7 -

¶ 20 First, defendant argues the trial court failed to substantially comply with Rule 402(c) (Ill. S. Ct. R. 402(c) (eff. July 1, 2012)) when it accepted his guilty plea without a sufficient factual basis. The State disagrees.

¶ 21 Rule 402(c) provides a trial court may not enter a final judgment on a plea of guilty without first determining there is a factual basis for the plea. Ill. S. Ct. R. 402(c) (eff. July 1, 2012). The quantum of proof necessary to establish a factual basis for a plea is less than that necessary to sustain a conviction. *People v. Barker*, 83 Ill. 2d 319, 327, 415 N.E.2d 404, 408 (1980). "All that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty." *Id*. The demands of Rule 402(c) are satisfied so long as "there is a basis anywhere in the record up to the entry of the final judgment from which the judge could reasonably reach the conclusion that the defendant actually committed [the charged offense]." *People v. Vinson*, 287 Ill. App. 3d 819, 821, 683 N.E.2d 451, 452 (1997).

¶ 22 When a defendant challenges the sufficiency of the factual basis to support a guilty plea, the standard of review is whether the trial court abused its discretion in determining a factual basis existed for the plea. *In re C.K.G.*, 292 Ill. App. 3d 370, 376-77, 685 N.E.2d 1032, 1036 (1997). "An abuse of discretion occurs when the trial court's decision is arbitrary, fanciful, or unreasonable or when no reasonable person would agree with the trial court's position." *People v. Brand*, 2021 IL 125945, ¶ 36, 190 N.E.3d 149.

¶ 23 Defendant contends the trial court's determination that there was a sufficient factual basis for his guilty plea was an abuse of discretion because absent from the record is any basis by which Latch could be found to be a public official, an essential element of the offense of threating a public official (720 ILCS 5/12-9(a)(1)(i) (West 2020)). We disagree. The statute setting

forth the offense of threating a public official provides that a "public official" includes "a sworn law enforcement *** officer." 720 ILCS 5/12-9(b)(1) (West 2020). In this case, the trial court considered a document captioned "AFFIDAVIT OF ARRESTING/INVESTIGATING OFFICER 48 HOUR FORM/ARREST WITHOUT WARRANT COLES COUNTY." In the document, Latch (1) alleged defendant committed the offense of threatening a public official against him while he was on duty and in uniform at the Coles County Jail and (2) identified himself as the "Arresting Officer." In addition, we note the record shows Latch was (1) identified as a possible witness from the Coles County Sheriff's Office in the State's discovery disclosure and (2) repeatedly referred to as a deputy by both the State and the trial court throughout the proceedings. After our review, we find, contrary to defendant's contention, the record provides a sufficient basis by which Latch could be found to be a public official, specifically a sworn law enforcement officer. Accordingly, the trial court's determination that there was a sufficient factual basis for defendant's guilty plea was not an abuse of discretion.

¶ 24        We find *People v. Goodwin*, 2017 IL App (5th) 140432, 83 N.E.3d 618, a case upon which defendant relies in support of his argument, to be factually distinguishable. Initially, as defendant recognizes, the appellate court in *Goodwin* was considering whether the evidence was sufficient to sustain a defendant's conviction as opposed to whether there was a sufficient factual basis to support a guilty plea. *Id.* ¶ 14. Moreover, the evidence in *Goodwin* only showed the victim was a correctional officer at the county's detention center (*id.* ¶¶ 4-9); there was no evidence suggesting the victim had the capability of placing another under arrest. Furthermore, we note the court in *Goodwin* emphasized how there was no evidence to reasonably conclude the victim, unlike the other witnesses, was "a deputy (and therefore a sworn law enforcement officer)." *Id.* ¶ 22. *Goodwin*, therefore, does not change our conclusion in this case.

- 9 -

¶ 25        Next, defendant argues the trial court failed to substantially comply with Rule 402(a)(3) when it accepted his guilty plea without first admonishing him about the right to plead not guilty, to persist in a previously made plea of not guilty, or to plead guilty. The State disagrees.

¶ 26        Rule 402(a)(3) provides a trial court may not accept a plea of guilty without first informing the defendant of "the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty." Ill. S. Ct. R. 402(a)(3) (eff. July 1, 2012). Substantial, not literal, compliance with the provisions of Rule 402(a) is all that is required. *People v. Fuller*, 205 Ill. 2d 308, 323, 793 N.E.2d 526, 537 (2002). " 'Substantial compliance' means that although the trial court did not recite to the defendant, and ask defendant if he understood, all the components of Rule 402(a), the record nevertheless affirmatively and specifically shows that the defendant understood them." *People v. Dougherty*, 394 Ill. App. 3d 134, 138, 915 N.E.2d 442, 446 (2009).

¶ 27        When a defendant challenges the sufficiency of the admonitions to accept a guilty plea, the standard of review is *de novo. People v. Chavez*, 2013 IL App (4th) 120259, ¶ 14, 998 N.E.2d 143. "Under a *de novo* standard of review, the reviewing court owes no deference to the trial court's judgment or reasoning." *People v. Jackson*, 2021 IL App (1st) 190263, ¶ 38, 196 N.E.3d 85.

¶ 28        Defendant contends the trial court did not substantially inform him of the right to plead not guilty, to persist in a previously made plea of not guilty, or to plead guilty. We disagree. Defendant entered a plea of not guilty and made a demand for a jury trial. At the final pretrial conference, defendant was informed and confirmed his understanding of the fact a jury trial was scheduled the next week. Defendant was also informed and confirmed his understanding of the fact he did not have to enter a guilty plea. Defendant expressed his desire to enter a guilty plea. Although the court did not state verbatim that defendant had "the right to plead not guilty, or to

- 10 -

persist in that plea if it has already been made, or to plead guilty," we find it substantially complied with Rule 402(a)(3).

¶ 29      In summary, we find the trial court substantially complied with Rule 402. Accordingly, defendant has not established his claims of ineffective assistance of postplea counsel and plain error.

¶ 30                     III. CONCLUSION

¶ 31      We affirm the trial court's judgment.

¶ 32      Affirmed.