NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240384-U

NO. 4-24-0384

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 3, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| MIREYA I. GONZALEZ, | ) | No. 22DT10 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:     The appellate court reversed, finding the evidence presented at the stipulated
bench trial was insufficient to prove defendant committed the offense of driving
under the influence of alcohol.

¶ 2     Following a stipulated bench trial, defendant, Mireya I. Gonzalez, was convicted

of driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2022)) and

sentenced to two years' court supervision. On appeal, defendant argues (1) the evidence was

insufficient to sustain her conviction for DUI and (2) her stipulated bench trial was tantamount to

a guilty plea, requiring admonishments pursuant to Illinois Supreme Court Rule 402 (eff. July 1,

2012). Because we agree with her first contention, we reverse defendant's DUI conviction.

¶ 3                          I. BACKGROUND

¶ 4     On March 5, 2022, defendant was charged with one count of DUI (625 ILCS

5/11-501(a)(2) (West 2022)) and one count of DUI with a blood alcohol content (BAC) of 0.08

or more (625 ILCS 5/11-501(a)(1) (West 2022)). The charges related to a January 1, 2022, incident.

¶ 5                                      A. Double Jeopardy Motion

¶ 6              On August 5, 2022, defendant filed a motion to dismiss the DUI charges, alleging double jeopardy. The motion alleged, on January 1, 2022, defendant was cited for failure to reduce speed to avoid an accident (625 ILCS 5/11-601(a) (West 2022)) and failure to report an accident to police (625 ILCS 5/11-407(a) (West 2022)) related to the incident in Fulton County case No. 22-MT-00002. Defendant pleaded guilty in case No. 22-MT-00002 on February 4, 2022, and successfully completed the required driver improvement program. Defendant therefore argued the DUI charges stemmed from the same physical act and were barred under double jeopardy. The State filed a written response to defendant's motion.

¶ 7              On September 7, 2022, the trial court held a hearing on defendant's motion to dismiss. Defendant stood on the written motion, and the State called Fulton County Sheriff's Deputy Garrett Snyder to testify. Deputy Snyder testified on January 1, 2022, he was dispatched to a single vehicle accident. When he arrived at the scene, no one was in the vehicle, but the vehicle had blood in it. He followed an ambulance to the hospital, where he made contact with the three occupants, including defendant. Deputy Snyder had "reason to believe" defendant was the driver based on the statements from the other occupants identifying defendant as the driver. He asked her to complete a blood test due to the injuries involved, and defendant consented to the test. The other occupants stated they had been drinking in Peoria and appeared intoxicated. Deputy Snyder acknowledged defendant did not appear intoxicated; she did not smell of alcohol, her eyes were not bloodshot, and he did not perform a field sobriety test on her. Deputy Snyder testified that, at the time, he did not have any indication defendant was intoxicated or had a BAC

over 0.08. He cited defendant for failure to reduce speed and failure to notify police of an accident. Deputy Snyder explained the blood test was sent to the Illinois State Police for testing, and he received the results back in March 2022. The State asked to approach the witness, and the following colloquy occurred:

"Q. I'm going to hand you what's been marked as People's Exhibit B.

A. Okay.

Q. Okay. Do you recognize that?

A. Yes.

Q. And is that the test results that you received back?

A. Yes.

Q. And what is the day that you received the test results?

A. I received it on, I—March 5.

Q. Okay.

A. That was in my mailbox at the sheriff's office.

Q. Okay. But it wasn't, it wasn't completely analyzed under that February 28 date?

A. Correct.

Q. Okay. What did you do when you got those test results back?

A. After I got these test results back, I issued [defendant] citations for [DUI] of alcohol and [DUI] of alcohol with a [BAC] of 08 or more.

Q. So this was the evidence that—that test result was what gave you the probable cause to issue that charge?

A. Yes.

> MR. PADALINO [(ASSISTANT STATE'S ATTORNEY)]: Okay. That is
> all I have, Your Honor."

The State did not request to admit People's exhibit B.

¶ 8         On cross-examination, Deputy Snyder acknowledged, while he was writing the citations, defendant said she was "the most sober one." Deputy Snyder also stated he had no reason to doubt the statements from the other occupants identifying defendant as the driver. He placed the vehicle in a DUI hold when it was towed because the car was registered to another occupant, identified as Ms. Stoneking, who was visibly impaired. He initially believed Ms. Stoneking was the driver and ordered the DUI hold due to her intoxication.

¶ 9         The trial court denied the motion to dismiss for double jeopardy, finding the facts needed to prove the DUI charges were different than the facts needed to prove the two cited offenses.

¶ 10                           B. Stipulated Bench Trial

¶ 11        At a hearing on February 12, 2024, before a different judge, defense counsel informed the trial court of the prior motion to dismiss, and the following colloquy occurred:

> "MR. STUCKART [(DEFENSE COUNSEL)]: That was ultimately
> denied. We have reached an agreement on a plea recommendation, but to preserve
> the ability to appeal the denial of that motion to dismiss, we would be asking to
> have a trial on stipulated facts based off of the transcript or the—with the factual
> basis being supported by the—
>
> THE COURT: Is that now you wanna have that?
>
> MR. STUCKART: Yeah, Your Honor. We would just be asking the Court
> to take—

THE COURT: To take judicial notice. It's—

MR. STUCKART: —judicial notice of the transcript.

\* \* \*

THE COURT: Okay. And now—and Mr. Stuckart, you're asking the Court to take judicial notice of the hearing that was held September 7 in front of a different judge of 2022; is that right?

MR. PADALINO: That is correct, Judge.

MR. STUCKART: Yes, Your Honor.

THE COURT: Okay. And you're asking to have a stipulated bench trial as to the facts so that you can preserve your rights for appeal in regards to that hearing that date; is that right?

MR. PALADINO: That is correct, Your Honor.

MR. STUCKART: That is correct, Your Honor.

THE COURT: I'll take judicial notice of that and make a finding accordingly based upon that stipulation. And with that, that's good. I see the sentencing order. I'm gonna approve that.

[Defendant], you understand that you have a right to an appeal after that finding, after the entry of this sentencing order, but you have to file that appeal within 30, 30 days of today; right?

MR. STUCKART: Yes, Your Honor. I anticipate that I will have that on file probably next week."

The rest of the hearing consisted of a discussion on setting up a payment plan for defendant for the imposed fines.

¶ 12         A written sentencing order filed on February 12, 2024, reflected defendant was guilty of DUI (625 ILCS 5/11-501(a)(2) (West 2022)) and sentenced to two years' court supervision.

¶ 13         This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15         On appeal, defendant argues (1) the evidence at the stipulated bench trial was insufficient to sustain her conviction for DUI or alternatively (2) the stipulated bench trial was tantamount to a guilty plea and the trial court was required to admonish her pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). We agree with defendant's first contention and reverse her conviction for DUI, rendering her second argument moot.

¶ 16         "When reviewing a challenge to the sufficiency of the evidence in a criminal case, the relevant inquiry is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Internal quotation marks omitted.) *People v. Hinthorn*, 2019 IL App (4th) 160818, ¶ 89. "The trier of fact has the responsibility to determine the credibility of witnesses and the weight given to their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from that evidence." *Hinthorn*, 2019 IL App (4th) 160818, ¶ 89. When considering the sufficiency of the State's evidence, the reviewing court does not retry the defendant. *People v. Beauchamp*, 241 Ill. 2d 1, 8 (2011). "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67.

¶ 17         To prove defendant guilty of DUI, the State is required to show, beyond a reasonable doubt, she was (1) driving or in actual physical control of a vehicle while (2) under

the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2022). The testimony of a single officer may be sufficient to sustain a conviction for DUI. *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 24.

¶ 18    Here, the only evidence at the stipulated bench trial was the transcript of the hearing on defendant's motion to dismiss. Deputy Snyder was the only person to testify at the hearing. No other evidence was submitted at the hearing. Therefore, for the evidence to be sufficient to prove defendant guilty, the testimony of Deputy Snyder would need to prove, beyond a reasonable doubt, defendant (1) drove or was in actual physical control of the vehicle and (2) was intoxicated.

¶ 19                          A. Actual Physical Control

¶ 20    Defendant first asserts the State failed to prove she was in actual physical control of the vehicle.

¶ 21    First, we must address the State's contention defendant's guilty plea to the traffic citations constituted a judicial admission and was therefore indisputable evidence she was driving the vehicle. Defendant undoubtably pleaded guilty to the traffic offenses in Fulton County case No. 22-MT-00002, offenses which also required her to be driving the vehicle. See 625 ILCS 5/11-407(a), 11-601(a) (West 2022). As the State points out, "[w]ell established judicial precedent recognizes that a guilty plea constitutes a judicial admission of guilt concerning the charged criminal offense." *People v. 2009 Chevrolet 2500*, 2016 IL App (3d) 140883, ¶ 44. "The effect of a judicial admission is to withdraw a fact from contention." *Spircoff v. Stranski*, 301 Ill. App. 3d 10, 15 (1998). Further, "[i]t is generally held that a voluntary plea of guilty on a prior trial or hearing, even for another offense, where the plea in effect admits certain facts which are relevant and material on the present trial, is admissible." (Internal quotation

marks omitted.) *People v. Williams*, 188 Ill. 2d 365, 369-70 (1999); see *United States v. Williams*, 104 F. 3d 213, 216 (8th Cir. 1997) (" 'A guilty plea is admissible in a subsequent collateral criminal trial as evidence of an admission by a party opponent.' ") (quoting *United States v. Holmes*, 794 F. 2d 345, 349 (8th Cir. 1986)). However, the State's argument of defendant's judicial admission fails because the prior conviction was never admitted in this case. The only evidence presented at the stipulated bench trial was the transcript of the hearing on the motion to dismiss. Although both parties referenced the prior guilty plea, neither party admitted the guilty plea as evidence for the purposes of the motion to dismiss or the stipulated bench trial. Because defendant's prior guilty plea was never admitted, it cannot serve as evidence she was in actual physical control of the vehicle. Therefore, the evidence defendant was driving must come from the transcript of the hearing on the motion to dismiss.

¶ 22 Deputy Snyder testified, when he arrived at the scene of the accident, no one was in the vehicle. He met the occupants of the vehicle at the hospital, and the other two occupants told him defendant was the driver. He also testified he overheard a conversation which suggested one of the other occupants was a passenger at the time of the accident. Based on this information, Deputy Snyder cited defendant for the two traffic offenses.

¶ 23 "It is well established that observation of a defendant in the act of driving is not an indispensable prerequisite for a conviction." *People v. Lurz*, 379 Ill. App. 3d 958, 969 (2008). However, in this case, Deputy Snyder had no independent knowledge which suggested defendant was the driver of the vehicle. Rather, he testified he relied on the statements of the two other occupants when deciding defendant had been driving the vehicle. The two other occupants of the vehicle did not testify, and their statements to Deputy Snyder were therefore hearsay.

¶ 24 "The hearsay rule generally prohibits the introduction of an out-of-court statement

offered to prove the truth of the matter asserted therein." (Internal quotation marks omitted.) *People v. Matthews*, 2017 IL App (4th) 150911, ¶ 18. Courts are often confronted with hearsay when police officers testify about their investigation of the defendant's alleged crime.

> "A police officer may testify as to the steps taken in an investigation of a crime 'where such testimony is necessary and important to fully explain the State's case to the trier of fact.' [Citation.] '[O]ut-of-court statements that explain a course of conduct should be admitted only to the extent necessary to provide that explanation and should not be admitted if they reveal unnecessary and prejudicial information.' [Citation.] Testimony about the steps of an investigation may not include the substance of a conversation with a nontestifying witness." (Emphasis omitted.) *People v. Boling*, 2014 IL App (4th) 120634, ¶ 107.

¶ 25 Although the statements of the two other occupants were therefore inadmissible hearsay, defendant did not object to the admission of hearsay statements, either in the original hearing or as part of the stipulation for the trial court to take judicial notice of the transcript from the hearing. "[H]earsay evidence, if admitted without objection, 'is to be considered and given its natural probative effect.' " *People v. Collins*, 106 Ill. 2d 237, 263 (1985).

¶ 26 However, even given its natural probative effect, and in the light most favorable to the State, the evidence presented to the trial court to show defendant was in actual physical control of the vehicle was not particularly convincing. Deputy Snyder's testimony only demonstrated the two other occupants of the vehicle, who were visibly intoxicated and admitted to drinking prior to the accident, stated defendant was driving. The vehicle was not registered to defendant, and Deputy Snyder initially believed the owner of the vehicle was the driver. Deputy Snyder never suggested defendant admitted to being the driver, and the only statement from

defendant mentioned during the hearing was she was "the most sober," which had no bearing on whether she drove the vehicle. Based on the evidence as presented, we are not convinced "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Internal quotation marks omitted.) *Hinthorn*, 2019 IL App (4th) 160818, ¶ 89.

¶ 27                              B. Under the Influence of Alcohol

¶ 28          Even if a rational trier of fact could find the first element of DUI beyond a reasonable doubt, defendant also maintains the State failed to prove she was intoxicated.

¶ 29          When proving a defendant was intoxicated, the State is not required to present scientific proof, such as a breath or blood alcohol test, and may rely solely on circumstantial evidence, such as testimony the defendant had bloodshot or glassy eyes, breath which smelled of alcohol, or refused to submit to blood testing. *People v. Groebe*, 2019 IL App (1st) 180503, ¶ 58; *People v. Morris*, 2014 IL App (1st) 130512, ¶ 20. Moreover, "[t]he testimony of a single, credible police officer may alone sustain a conviction for [DUI]." *People v. Phillips*, 2015 IL App (1st) 131147, ¶ 18.

¶ 30          In this case, Deputy Snyder testified defendant did *not* show signs of intoxication after the accident. Deputy Snyder noted defendant did not smell of alcohol and did not have bloodshot eyes. He stated he had no reason to believe defendant was intoxicated on the day of the accident, and he only requested she consent to a blood test because of the injuries to the other occupants. Deputy Snyder stated, until he had the results of the blood test, he had no probable cause to charge defendant with DUI. Although Deputy Snyder reviewed the results of the blood test during his testimony to refresh his memory, the State never asked the document be admitted, and the results were not stated on the record or admitted as part of Deputy Snyder's testimony.

¶ 31          The State argues Deputy Snyder testified defendant's BAC was over 0.08, and a

person with a BAC over 0.08 is presumed to be under the influence. See 625 ILCS 5/11-501.2(b)(3) (West 2022). However, Deputy Snyder never testified defendant's BAC was over 0.08. The only reference in the transcript to defendant's BAC was when Deputy Snyder stated, "After I got these test results back, I issued [defendant] *citations* for [DUI] of alcohol and [DUI] of alcohol with a [BAC] of 08 or more." The State presumably assumes Deputy Snyder would not have charged defendant with DUI with a BAC of 0.08 or more if defendant's BAC was not over 0.08. However, a charge cannot constitute evidence against defendant. "An indictment is not evidence against an accused." *People v. Haiges*, 379 Ill. 532, 534 (1942). As the only evidence of defendant's intoxication presented at the stipulated bench trial was Deputy Snyder's testimony he charged defendant with DUI, the evidence is insufficient to sustain defendant's conviction. See *Belknap*, 2014 IL 117094, ¶ 67 ("A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt.").

¶ 32      Because the State failed to prove, beyond a reasonable doubt, defendant committed the offense of DUI at her stipulated bench trial, we reverse her conviction for DUI. As we reverse defendant's conviction based on insufficient evidence, we do not address her argument of whether her stipulated bench trial was tantamount to a guilty plea.

¶ 33                          C. Stipulated Bench Trial

¶ 34      Although we determined the evidence was insufficient to sustain defendant's conviction for DUI, we find it necessary to address the procedure employed at the stipulated bench trial.

¶ 35      "A stipulated bench trial is a legal fiction created solely to give defendants the benefit and convenience of a guilty plea while avoiding the consequences of waiver or

forfeiture." *People v. Gonzalez*, 313 Ill. App. 3d 607, 617 (2000).

> "In a stipulated bench trial, a defendant enters a plea of not guilty, and a 'trial' is held based on a set of facts agreed to by the parties. Although there is a remote theoretical possibility that the defendant may be acquitted, the reality is that factual guilt is a foregone conclusion. After all, neither a reasonable defendant nor a prosecutor would choose to pursue a stipulated bench trial (or guilty plea) if the evidence is doubtful." *Gonzalez*, 313 Ill. App. 3d at 617.

A stipulated bench trial is still, however, a *trial* in which a defendant maintains a plea of not guilty. Throughout the process, the trial court and the parties should treat the proceedings as a trial, albeit an abbreviated one. The court remains the trier of fact, and at the close of the case, it is the court's role to weigh the evidence, enter findings, and determine whether the State has, beyond a reasonable doubt, proven the defendant's guilt.

¶ 36        Even guilty pleas, in which the defendant is knowingly choosing to admit their guilt, require the trial court to determine there is a factual basis supporting the plea. See Ill. S. Ct. R. 402(c) (eff. July 1, 2012) ("The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."). Rule 402(c) is satisfied "if there is a basis anywhere in the record up to the entry of the final judgment from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which he is pleading guilty." *People v. Vinson*, 287 Ill. App. 3d 819, 821 (1997). In *Vinson*, the trial court questioned the defendant "concerning his opportunity to speak with counsel and his waiver of trial, confrontation, and presentation of witnesses; whether any threats or promises had been made; and about his understanding of the State's burden of proof and his presumption of innocence." *Vinson*, 287 Ill. App. 3d at 821. After

both parties agreed the defendant's plea agreement was "in the best interests of justice," the trial court asked defendant, " 'Did you do it?' " *Vinson*, 287 Ill. App. 3d at 821. Defendant responded affirmatively, and the court proceeded to sentencing. *Vinson*, 287 Ill. App. 3d at 821. On appeal, the appellate court found the factual basis insufficient, stating, "There simply is nothing before us evidencing that the court did satisfy itself or even could have satisfied itself that a factual basis for defendant's plea existed." *Vinson*, 287 Ill. App. 3d at 822.

¶ 37        In this case, there is similarly nothing before us evidencing the trial court has any basis to support a factual finding of defendant's guilt. Once the parties agreed to the stipulation, the court took judicial notice of the hearing transcript and proceeded straight to sentencing. Perhaps the court may have realized the evidence presented by stipulation was insufficient had it taken the opportunity to review the transcript. However, the record suggests the court did not review the transcript, despite the hearing therein taking place a year and a half prior before a different judge. Rather, the court stated, "I'll take judicial notice of that and make a finding accordingly based upon that stipulation. And with that, that's good." Defendant had not stipulated to the sufficiency of the evidence, nor had the parties discussed with the court the contents of the stipulated transcript. Although in stipulated bench trials, as stated in *Gonzalez*, "the reality is that factual guilt is a foregone conclusion," as "neither a reasonable defendant nor a prosecutor would choose to pursue a stipulated bench trial (or guilty plea) if the evidence is doubtful" (*Gonzalez*, 313 Ill. App. 3d at 617), the fact is, parties do not always act reasonably. It is not clear why the State and defendant agreed to present the hearing transcript as the only evidence at the stipulated bench trial. Regardless, it was the court's role to weigh the evidence, make appropriate findings, and determine whether the State had proven defendant guilty beyond a reasonable doubt. It would appear from the record the court did not fulfill this obligation.

¶ 38　　　　　　Stipulated bench trials have been roundly criticized as prone to mistakes by trial courts and attorneys alike. See *Gonzalez*, 313 Ill. App. 3d at 618 (collecting cases). If trial courts choose to proceed with stipulated bench trials, a precise procedure must be followed to verify the proceedings are akin to a trial. If the parties choose to agree to a stipulation as to the evidence, the courts must be sure whether the stipulation is to the *existence* of the evidence or the *sufficiency* of the evidence. It must be clear to all parties whether the stipulated bench trial is tantamount to a guilty plea, thereby requiring admonishments. See *People v. Thompson*, 404 Ill. App. 3d 265, 270 (2010) ("The general rule adopted by the supreme court is that a stipulated bench trial is tantamount to a guilty plea if the defendant either: (1) stipulates that the evidence is sufficient for a finding of guilty beyond a reasonable doubt, or (2) does not present or preserve a defense."). After a full understanding of the stipulation, the court must act as the trier of fact, review the evidence provided by the stipulation, entertain arguments of the parties as appropriate, and determine whether, based on the evidence presented, the State has proven the defendant's guilt beyond a reasonable doubt. To take shortcuts around this very basic process of a trial is, quite simply but quite seriously, a miscarriage of justice, which cannot be condoned.

¶ 39　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 40　　　　　　For the reasons stated, we reverse the trial court's judgment.

¶ 41　　　　　　Reversed.